FILED
OCT 30 2007
OCT. 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>JOHN E. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR., and EXECUTIVE FIDELITY LTD,<br><br>Defendants. | 07CV6135<br>JUDGE DARRAH<br>MAG. JUDGE BROWN<br><br>COMPLAINT and<br>DEMAND FOR JURY TRIAL |

### COMPLAINT and DEMAND FOR JURY TRIAL
### (ERISA)
### JURISDICTION

1. This action is brought pursuant to 29 U.S.C. § 1132(a)(2) to redress violations of fiduciary duty requirements under ERISA owed to Plaintiffs by Defendants. Jurisdiction is invoked under 29 U.S.C. § 1132(e)(1). Plaintiff also invokes the supplemental jurisdiction of this Court. (28 U.S.C. § 1367).

2. Plaintiff demands jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VENUE

3. Venue is properly laid within the Northern District of the State of Illinois as the Plaintiff's subject Plan was administered in said District and the acts complained of by the

1

Plaintiff were committed by the Defendants or occurred within said District or Defendants reside or can be found in said District. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST ("NPWUIT"), at all times material hereto, was and remains a non-profit trust formed and created for the benefit of members of the National Production Workers Union, and is administered in the Northern District of Illinois at 2210 Midwest Road, Oak Brook, Illinois.

5. Defendant JOHN E. HARTER ("HARTER"), at all times material hereto, was and remains the owner of Defendant THE ASO COMPANY ("ASO"), a corporation duly organized and existing under the laws of the State of Illinois. Defendant ROBERT MONDO SR. ("MONDO SR."), an individual, at all times material hereto, was a consultant and advisor to Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, and represented to Plaintiff that he was qualified to advise it on benefit plan administration and insurance matters. Defendant ROBERT MONDO JR. ("MONDO JR."), an individual and the son of Defendant MONDO SR., at all times material hereto, was and remains the owner of Defendant EXECUTIVE FIDELITY LTD ("EXECUTIVE FIDELITY"), a corporation duly organized and existing under the laws of the State of Illinois. At all times material hereto, Defendants MONDO JR. and EXECUTIVE FIDELITY were insurance brokers, and Defendant MONDO JR. was an attorney licensed in the State of Illinois.

## FACTS UPON WHICH RELIEF IS CLAIMED

6. Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST operates an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1),

2

established and maintained for the purpose of providing insurance and related benefits to eligible participants and beneficiaries.

7. Defendant MONDO SR. has acted since prior to 1998 through 2006 as an advisor and consultant to Plaintiff and its trustees, and Plaintiff has relied upon his advice and his expertise, and Defendant MONDO SR. at all times material hereto has been aware that Plaintiff has acted upon his advice and expertise.

8. Prior to 2005, Defendant MONDO SR. had introduced his son Defendant MONDO JR. and MONDO JR.'s company Defendant EXECUTIVE FIDELITY to Plaintiff's trustees, and represented to Plaintiff that Defendants MONDO JR. and EXECUTIVE FIDELITY were knowledgeable and honest and were experts in the fields of insurance, specifically organization benefit plans such as the type provided by Plaintiff to its members, and would be suited to advise Plaintiff on matters concerning the administration of its medical benefit plan.

9. In 2005, Defendants MONDO SR., MONDO JR., and EXECUTIVE FIDELITY recommended to Plaintiff that it would be in Plaintiff's best interest to cease to provide participants' PPO and HMO medical benefits through the purchase of insurance and to instead become self-insured to provide participants' medical benefits, and recommended that Plaintiff engage Defendants HARTER and ASO to administer Plaintiff's beneficiaries' claims that would be filed with Plaintiff under the newly-implemented self-insured plan.

10. Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER, and ASO falsely represented that Defendants HARTER and ASO had the ability and integrity to administer Plaintiff's benefit plan, and that Plaintiff's retention of HARTER and ASO would be a sound business and economic move that would inure to the financial benefit of

Plaintiff.

11. Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER, and ASO fraudulently represented that there was no relationship between Defendant MONDO JR. and Defendants HARTER and ASO, intentionally and willfully concealing that MONDO JR. was a salaried employee of ASO.

12. Plaintiff relied upon MONDO JR.'s expertise as an attorney and as an insurance agent, as well as on his representation that he had no relationship with HARTER and ASO in accepting MONDO JR.'s recommendation that Plaintiff become self-insured and in Plaintiff's engaging ASO and HARTER to administer the payment of claims pursuant to Plaintiff's becoming self-insured.

13. Had Plaintiff been made aware of Defendant MONDO JR.'s concealed employment relationship with Defendants HARTER and ASO, Plaintiff would not have retained Defendants HARTER and ASO to administer its claims, nor would it have followed MONDO JR.'s and MONDO SR.'s specific recommendation that it become self-insured via the implementation of Defendants' plan.

14. In recommending that it would be in Plaintiff's economic interest for Plaintiff to convert to a self-insured plan, and that it would also be in Plaintiff's economic interest to retain Defendants ASO and HARTER to administer it, Defendants MONDO JR. and EXECUTIVE FIDELITY voluntarily assumed a fiduciary duty to Plaintiff. In contracting with Plaintiff to administer claims, Defendants ASO and HARTER assumed a contractual as well as a fiduciary duty to Plaintiff to ensure claims against Plaintiff's fund were paid according to the plan's terms, and that said claims were not overpaid or otherwise paid improperly contrary to

4

said plan's terms, to the detriment of Plaintiff and Plaintiff's beneficiaries.

15. Prior to and at the time Plaintiff decided to accept Defendants MONDO SR., MONDO JR., ASO and HARTER'S recommendation to convert to a self-insured plan, Defendant MONDO JR. specifically denied that he was receiving any financial remuneration from ASO or HARTER.

16. In or about the summer of 2005, Plaintiff entered into an agreement with Defendants ASO and Harter whereby Plaintiff adopted a self-insured plan with Defendants ASO and HARTER administering said plan. Under the terms of the agreement Defendants ASO and HARTER were obligated to promptly notify Plaintiff of, *inter alia*, any extraordinary depletion of Plaintiff's funds, which they subsequently failed to do.

17. In or about December of 2005, Plaintiff learned that Defendant MONDO JR. was a salaried employee of Defendant ASO and that MONDO JR. had a self-interest in his recommendation of not only Plaintiff's conversion to a self-insured plan but in his recommendation of ASO as said plan's administrator. Due to Defendants' fraudulent concealment it was not until approximately December of 2005 or January of 2006 that Plaintiff learned that MONDO JR.'s advice and counsel to Plaintiff was tainted by the financial remuneration he was receiving from Defendants HARTER and ASO.

18. Defendants fraudulently concealed from Plaintiff and its trustees information regarding the relationships among the Defendants for the purpose of deceiving Plaintiff and its trustees into believing that MONDO SR.'s, MONDO JR.'s, and EXECUTIVE FIDELITY's recommendations that Plaintiff become self-insured and retain HARTER and ASO were objective evaluations of the merit of said proposals when Defendants knew or should have

5

known that the self-insurance plan proposed by Defendants would be more costly and of less benefit to Plaintiff than its previous coverage, and thereby obtained a significant financial benefit to themselves at the expense of Plaintiff and its beneficiaries. Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, ASO and HARTER structured the specific self-insured arrangement it implemented for Plaintiff in order that they would be unreasonably compensated by Plaintiff for their services, and thus Defendants were unjustly enriched at Plaintiff's expense by their failure to disclose their relationship and to objectively advise Plaintiff.

19. Defendants MONDO JR. and EXECUTIVE FIDELITY financially benefitted to the detriment of Plaintiff and Plaintiff's beneficiaries by virtue of Plaintiff's retention of HARTER and ASO as plan administrators by Plaintiff.

20. Due to Defendants' fraudulent concealment, it was not until March of 2006 when Plaintiff first learned that as a result of Defendant HARTER and ASO's maladministration of its plan that the plan had suffered significant losses, and that Defendants HARTER, ASO, and MONDO JR. had caused the unwarranted depletion of Plaintiff's funds by either intentionally or negligently improperly paying claims that either should have been denied or should have been paid at a lesser amount, all without the knowledge or permission of Plaintiff and its trustees. Furthermore, Defendants ASO, HARTER, and MONDO JR. failed to inform Plaintiff regarding the exorbitant amount of money Defendants were paying in claims, although they were legally and contractually obligated to so inform Plaintiff. Thus, Plaintiff was unable to either drop certain insureds, revert to a paid insurance plan, or otherwise take steps to alleviate the financial "bleeding" it was unknowingly suffering. Due to Defendants' fraudulent concealment, it was not until in or around March of 2006 when Plaintiff first learned that Defendants HARTER, ASO

6

and MONDO JR. had failed to monitor the resulting serious and unwarranted depletion of Plaintiff's funds, and to take or recommend any course of action that would have arrested said depletion of Plaintiff's funds. Defendants intentionally concealed this information from Plaintiff as its disclosure would interfere with Defendants' own financial gains under this scheme. As a result of Defendants HARTER's, ASO's and MONDO JR.'s maladministration of Plaintiff's benefit plan, Plaintiff has been damaged in an amount in excess of $1,000,000.00.

21. Due to Defendant's fraudulent concealment, it was not until in or around March of 2006 when Plaintiff first learned Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY also had failed to fulfill their duty to provide contractually required information to Tru Services, LLC, ("Tru Services"), the reinsurer for Plaintiff's benefit plan. Plaintiff discovered that Tru Services repeatedly requested information from Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY regarding the addition of new groups to Plaintiff's benefit plan so that Tru Services could assess the risk and underwrite said groups, and that Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY failed to provide said information to Tru Services. Thus, Tru Services refused to indemnify Plaintiff for the excess amounts of large benefit claims from these new groups, and this caused Plaintiff to incur unindemnified losses of over $1,000,000.00. As a result of Defendants ASO, HARTER MONDO JR. and EXECUTIVE FIDELITY's failure to provide information to the Tru Services, and the resulting disclaimer of coverage by the reinsurer, Plaintiff has been damaged in excess of $1,000,000.00.

22. Defendants HARTER and ASO were not qualified or otherwise competent to administer Plaintiff's benefit plan, and should not have obtained any compensation from Plaintiff

for administering said plan. Defendant MONDO JR. benefitted from his concealed relationship with Defendants HARTER and ASO, and participated in the fees they received from Plaintiff either through salary or commissions. Additionally, Defendant MONDO SR. received commissions from Defendants EXECUTIVE FIDELITY and MONDO JR. as a result of his having helped "steer" Plaintiff towards ASO and HARTER. Defendants MONDO JR., EXECUTIVE FIDELITY, MONDO SR., HARTER and ASO have unreasonably compensated themselves as a result of their scheme to install Defendants ASO and HARTER as plan administrator in an amount in excess of $350,000.00.

## COUNT I

### (BREACH OF FIDUCIARY DUTY)

23. Plaintiff restates and realleges paragraphs 1 - 22 *in haec verba*.

24. Defendants MONDO SR., HARTER, and ASO have breached their fiduciary duties with regard to Plaintiff National Production Workers Insurance Trust by failing to disclose to Plaintiff that Defendant MONDO SR.'s son, Defendant MONDO JR., was a paid employee of Defendants HARTER and ASO, and by recommending that Plaintiff convert to being self-insured for the purpose of benefitting Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER and ASO at the expense of the financial stability of Plaintiff's funds. Defendants MONDO SR., HARTER, and ASO concealed said information for the purpose of benefitting themselves financially at the expense of Plaintiff and in breach of their fiduciary relationship to Plaintiff, and Defendant MONDO SR. concealed said information for the purpose of benefitting himself and his son Defendant MONDO JR., all to the detriment of Plaintiff.

25. The acts, conduct and behavior of Defendants, and each of them, were

performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

26. By each Defendant's failure to comply with his or its own fiduciary obligations under 29 U.S.C. § 1104(a)(1), he or it has enabled a co-fiduciary to breach his or its fiduciary duty.

27. Each Defendant, having knowledge of the fiduciary breaches of co-fiduciaries, made no reasonable efforts under the circumstances to remedy the breach.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

c. Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

d. Plaintiff demands trial by jury of all issues herein.

e. Grant such other relief that law and justice requires.

## COUNT II

(BREACH OF FIDUCIARY DUTY)

28. Plaintiff restates and realleges paragraphs 1 - 27 *in haec verba*.

29. Defendants MONDO JR., HARTER, and ASO have breached their fiduciary

duties with regard to Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST by failing to properly administer the claims process and monitor the number of claims Defendants paid, and by fraudulently concealing the mispayment of claims and the depletion of Plaintiff's funds from Plaintiff. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

c. Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

d. Plaintiff demands trial by jury of all issues herein.

e. Grant such other relief that law and justice requires.

### COUNT III

(FRAUD -

SUPPLEMENTAL CLAIM)

30. Plaintiff restates and realleges paragraphs 1 - 29 *in haec verba*.

31. The herein-described conduct constitutes fraud on the part of each of the

Defendants.

32. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

c. Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

d. Plaintiff demands trial by jury of all issues herein.

e. Grant such other relief that law and justice requires.

## COUNT IV

(BREACH OF CONTRACT -

SUPPLEMENTAL CLAIM)

33. Plaintiff restates and realleges paragraphs 1 - 32 *in haec verba*.

34. By virtue of the within, Defendants HARTER and ASO have breached their agreement to properly administer claims made by Plaintiff's beneficiaries and to notify Plaintiff of any extraordinary depletion of Plaintiff's funds.

11

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against Defendants HARTER and ASO, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against Defendants HARTER and ASO, jointly and severally, for fees and costs of this action.

c. Plaintiff demands trial by jury of all issues herein.

d. Grant such other relief that law and justice requires.

## COUNT V

### (NEGLIGENCE - SUPPLEMENTAL CLAIM)

35. Plaintiff restates and realleges paragraphs 1 - 34 *in haec verba*.

36. Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER and ASO have negligently performed their fiduciary and contractual duties with regard to Plaintiff, as more fully described herein.

37. The acts, conduct and behavior of said Defendants, and each of them, were unreasonable and did not meet any accepted minimal professional standards.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against each of the Defendants, jointly

and severally, for fees and costs of this action.

c. Plaintiff demands trial by jury of all issues herein.

d. Grant such other relief that law and justice requires.

## COUNT VI

(MALPRACTICE -

SUPPLEMENTAL CLAIM)

38. Plaintiff restates and realleges paragraphs 1 - 37 *in haec verba.*

39. Defendants MONDO JR. and EXECUTIVE FIDELITY have committed malpractice under ILCS §§ 5/13-214.4 and 5/13-215 in their capacities as insurance brokers in that they fraudulently concealed the herein cause of action from Plaintiff NPWUIT; they failed to exercise a reasonable standard of care in their conduct with regard to Plaintiff; and they assisted Defendants HARTER and ASO in breaching their fiduciary duties toward Plaintiff in the manner more fully described herein.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against Defendants MONDO JR. and EXECUTIVE FIDELITY, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against Defendants MONDO JR. and EXECUTIVE FIDELITY, jointly and severally, for fees and costs of this action.

c. Plaintiff demands trial by jury of all issues herein.

d. Grant such other relief that law and justice requires.

## COUNT VII

### (MALPRACTICE -

### SUPPLEMENTAL CLAIM)

40. Plaintiff restates and realleges paragraphs 1 - 39 *in haec verba*.

41. Defendant MONDO JR. has committed malpractice under ILCS §§ 5/13-214.3 and 5/13-215 in his capacity as attorney in that he fraudulently concealed the herein cause of action from Plaintiff NPWUIT; he failed to exercise a reasonable standard of care in his conduct with regard to Plaintiff; and he assisted Defendants HARTER and ASO in breaching their fiduciary duties toward Plaintiff in the manner more fully described herein.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against Defendant MONDO, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against Defendant MONDO, jointly and severally, for fees and costs of this action.

c. Plaintiff demands trial by jury of all issues herein.

d. Grant such other relief that law and justice requires.

### JURY TRIAL DEMANDED

S/ Donald E. Cameron
DONALD E. CAMERON
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiff
139 Fulton Street, Suite 211

New York, New York 10038
(212) 233-3348

_____
JAMES W. MALLOY
Attorney for Plaintiff
53 West Jackson Blvd.
Suite 1534
Chicago, IL 60604
(312) 427-1696

Dated: October 22, 2007