IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 6135 |
| v. | ) ) | Judge John W. Darrah |
| JOHN E. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR. and EXECUTIVE FIDELITY LTD., | ) ) ) ) ) | Mag. Judge Geraldine Soat Brown |
| Defendants. | ) | |

**DEFENDANT ROBERT MONDO SR.'s**
**MEMORANDUM IN SUPPORT OF HIS MOTION TO**
**DISMISS COUNTS I, III AND V OF PLAINTIFF'S COMPLAINT**

Stephen Novack
Karen L. Levine
Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900

Defendant Robert Mondo Sr. ("Mondo Sr."), by his attorneys, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6), submits this Memorandum in support of his Motion to Dismiss Counts I, III and V of Plaintiff's Complaint (the "Complaint" or "Compl.").

## I.  INTRODUCTION

This action is brought by Plaintiff under the Employee Retirement Insurance Security Act ("ERISA"). Plaintiff alleges that Mondo Sr.'s son ("Mondo Jr.") and other defendants were hired by Plaintiff to administer its self-insured health plan. Plaintiff further alleges that those defendants -- and not Mondo Sr. -- caused damage to the Plaintiff by mismanaging the plan.

Plaintiff is nevertheless dragging Mondo Sr. into this litigation (presumably to add settlement pressure) based on its allegations that, at some undisclosed point in time, and in some undisclosed fashion, Mondo Sr. recommended to some undisclosed person that Plaintiff should switch to self-insurance, and that his son and his son's company could administer the self-insurance plan.

To be perfectly clear, Plaintiff does not allege that Mondo Sr. had any authority with respect to the administration of the plan, or the plan's securities or property, despite that such authority is the lynchpin of an ERISA claim. For this reason, and those demonstrated below, Counts I, III and V of the Complaint should be dismissed to the extent they are directed at Mondo Sr.

## II.  ARGUMENT

### A.  Count I - Breach Of ERISA Fiduciary Duty

Count I fails to state an ERISA claim for breach of fiduciary duty against Mondo Sr. for at least two independent reasons. <u>First</u>, Mondo Sr. was not an ERISA fiduciary of Plaintiff. And, <u>second</u>, even if he were, Plaintiff failed to allege that Mondo Sr.'s purported breach <u>caused</u> Plaintiff any damages. Each of these fatal flaws will now be addressed.

1

### 1. Mondo Sr. Was Not An ERISA Fiduciary Of Plaintiff

The Complaint alleges that it is brought "to redress violations of fiduciary duty requirements under ERISA owed to Plaintiffs (sic) by Defendants." (Compl. ¶ 1.) It is well established that:

> To make out a claim for breach of fiduciary duty under ERISA, [Plaintiff] must show that [Mondo Sr.] was a fiduciary as that term is defined in the statute and that [Mondo Sr.] was acting in [his] capacity as a fiduciary at the time [he] took the actions that are the subject of the complaint."

Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc., 474 F.3d 463, 471-72 (7th Cir. 2007) (dismissing complaint pursuant to Rule 12(b)(6) for failure to allege ERISA fiduciary relationship). In other words, "[a] claim for breach of fiduciary duty under ERISA is only valid against a fiduciary." Baker v. Kingsley, 387 F.3d 649, 660 (7th Cir. 2004) (citations omitted); accord Farm King Supply, Inc. Integrated Profit Sharing Plan & Trust v. Edward D. Jones & Co., 884 F.2d 288, 291 (7th Cir. 1989) ("if [defendant] is not a fiduciary, then of course it cannot be said that [defendant] breached any fiduciary duties owed to the Plan . . . .").

The Complaint fails to allege that Mondo Sr. was an ERISA fiduciary. As was recently explained:

> Under ERISA, an individual or entity can become a fiduciary in three ways: (1) being named as a fiduciary in the written plan instrument, 29 U.S.C. § 1102(a); (2) being named and identified as a fiduciary pursuant to a procedure specified in the written plan instrument, 29 U.S.C. § 1102(a)(2); or (3) meeting the definition of a fiduciary contained in 29 U.S.C. § 1002(21).

Keach v. U.S. Trust Co., N.A., 239 F. Supp.2d 820, 823 (C.D. Ill. 2002). Here, the Complaint does not attempt to allege that Mondo Sr. was a named fiduciary pursuant to 29 U.S.C. §§ 1102(a) or

1102(a)(2). Thus, the only issue is whether Mondo Sr. is alleged to be a fiduciary pursuant to 29 U.S.C. § 1002(21).

Pursuant to 29 U.S.C. § 1002(21), a person can be a fiduciary for an ERISA plan even if not specifically named a fiduciary, but <u>only</u>:

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

<u>Caremark</u>, 474 F.3d at 472 <u>quoting</u> 29 U.S.C. § 1002(21)(A).

Here, the Complaint fails to allege that Mondo Sr. exercised any discretionary authority or control respecting the management of the plan or the disposition of its assets, as would be required to trigger 29 U.S.C. § 1002(21)(A)(i). Neither does the Complaint allege that Mondo Sr. has or had any discretionary authority or responsibility in the administration of the plan, which would be required to trigger 29 U.S.C. § 1002(21)(A)(iii). Instead, Plaintiff alleges only that Mondo Sr. acted as "an advisor and consultant" to Plaintiff, apparently attempting to invoke subsection 29 U.S.C. § 1002(21)(A)(ii) -- relating to "investment advice." (Compl. ¶ 7).

3

"The Department of Labor has adopted unassailed regulations further explaining when a person is deemed to be providing investment advice under Section 1002(21)(A)(ii) of ERISA." Farm King, 884 F.2d at 291. Those regulations provide in pertinent part that:

> (c)(1) A person shall be deemed to be rendering 'investment advice' to an employee benefit plan, within the meaning of section 3(21)(A)(ii) of [ERISA] and this paragraph only if:
>
> > (i) Such person renders advice to the plan as to the value of securities or other property, or makes recommendations as to the advisability of investing in, purchasing, or selling securities or other property; and
> >
> > (ii) Such person either directly or indirectly (e.g. through or together with any affiliate) --
> >
> > > (A) Has discretionary authority or control . . . with respect to purchasing or selling securities or other property for the plan; or
> > >
> > > (B) Renders any advice described in paragraph (c)(1)(i) of this section on a regular basis to the plan pursuant to a mutual agreement, arrangement or understanding, written or otherwise, between such person and the plan or a fiduciary with respect to the plan, that such services will serve as the primary basis for investment decisions with respect to plan assets, and that such person will render individualized investment advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition, or diversification of plan investments.

29 C.F.R. § 2510.3-21. Pursuant to these regulations, there are three (3) possible ways to satisfy the "investment advice" definition of a fiduciary, none of which were alleged by Plaintiff.

As noted above, the Complaint does not allege that Mondo Sr. had any discretionary authority or control with respect to purchasing or selling securities or other property for the plan. Thus, 29 C.F.R. § 2510.3-21(c)(1)(ii) also does not apply.

Further, in order to meet the requirements of subsection (c)(1)(i) or (c)(1)(ii)(B), Plaintiff had to allege that Mondo Sr. rendered advice as to the "value" of specific plan securities or other property, or advised Plaintiff to invest in, sell or purchase specific plan securities or property. Id. Instead, Plaintiff alleges that Mondo Sr. told Plaintiff that it should become self-insured, and recommended that Plaintiff hire someone else to administer the self-insurance plan. (Compl. ¶¶ 7-10, 18.) Thus, neither 29 C.F.R. §§ 2510.3-21(c)(1)(i) nor (c)(1)(ii)(B) applies.

Additionally, subsection (c)(1)(ii)(B) would also require that Plaintiff allege that Mondo Sr. regularly rendered investment advice to Plaintiff pursuant to a:

> mutual agreement, arrangement or understanding . . . that such services will serve as the primary basis for investment decisions with respect to plan assets.

29 C.F.R. § 2510.3-21(c)(1)(ii)(B). There are no such allegations in the Complaint and, therefore, Plaintiff's Complaint fails to invoke subsection (c)(1)(ii)(B) for this additional, independent reason.

### 2. The Complaint Fails To Allege That Mondo Sr. Caused Damages To Plaintiff

As just demonstrated, the Complaint fails to allege that Mondo Sr. was an ERISA fiduciary of the Plaintiff. But, even if Mondo Sr. were a fiduciary of Plaintiff, there is another, independent reason why Count I fails.

Specifically, in order to state an ERISA claim against Mondo Sr, Plaintiff must allege that Mondo Sr.'s alleged breach of his ERISA duties caused Plaintiff's injury. Brandt v. Grounds, 687

5

F.2d 895, 898-99 (7th Cir. 1982). "[I]t is clear that without a causal connection between the advice and the loss no liability can exist under [ERISA]" Id. at 898. And where a complaint fails to plead such a causal connection, it should be dismissed pursuant to Rule 12(b)(6). Id. at 899.

Here, not only does Plaintiff fail to allege that Mondo Sr. caused Plaintiff's claimed damages, Plaintiff affirmatively alleges that its supposed losses were caused by someone else. Specifically, the Complaint alleges that:, "[a]s a result of Defendants HARTER's, ASO's and MONDO JR.'s maladministration of Plaintiff's benefit plan, Plaintiff has been damaged in an amount in excess of $1,000,000." (Compl. ¶ 20.) Similarly, the Complaint alleges that:

> As a result of Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY's failure to provide information to the Tru Services . . . Plaintiff has been damaged in excess of $1,000,000.

(Id. ¶ 21.) Thus, Plaintiff has effectively pleaded itself out of Court -- at least as against Defendant Mondo Sr. -- by alleging that its damages were caused by parties other than Mondo Sr.

Further, Plaintiff's attempts to invoke 29 U.S.C. § 1105(a)(2) to render Mondo Sr. liable for the alleged breaches of duty by co-fiduciaries also fails. For one thing, as shown above, Mondo Sr. was not a fiduciary of Plaintiff for any purpose. Thus, he had no underlying duty to discover, prevent or disclose to Plaintiff any alleged breaches of ERISA duties by others. But, even if he were:

> that statute [29 U.S.C. § 1105(a)(2)] only creates co-fiduciary liability for violations of 29 U.S.C. § 1104(a)(1) which occur in the fiduciary's performance of its specific responsibilities which give rise to (its) status as fiduciary.

Brandt, 687 F.2d at 898-99 (citations omitted).

6

Here, even if Mondo Sr. were a fiduciary with respect to recommending his son and his son's company as parties that were appropriate to administer Plaintiff's self-insured health plan, he was not a fiduciary with respect to the actual manner in which the self-insurance plan was actually administered. For example, Plaintiff alleges that it was damaged by "Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY's failure to provide information to the Tru Services," but <u>does</u> <u>not</u> allege that Mondo Sr. had any fiduciary role with respect to providing such information. (Compl. ¶ 21.) In this case, even if Mondo Sr. were an ERISA fiduciary for some purposes, that does not render him liable for damages caused by other ERISA fiduciaries acting outside the scope of Mondo Sr.'s obligations. <u>Brandt</u>, 687 F.2d at 898-99.

### B.     Count III - Fraud

Count III asserts a claim based on Plaintiff's "ALLEGATION OF FRAUD." (Compl. p. 9.) It is unclear form the Complaint whether Count III is an attempt to allege common law fraud, or an ERISA claim based on supposedly fraudulent conduct. Regardless, Plaintiff was required to plead the claim with specificity called for in Rule 9(b). <u>DeLeon v. Beneficial Constr. Co.</u>, 55 F. Supp.2d 819, 825 (N.D. Ill. 1999) (common law fraud); <u>Chicago Dist. Council of Carpenters Welfare Fund v. Angulo</u>, 169 F.Supp.2d 880, 885-86 (N.D. Ill. 2001) (dismissing ERISA claims based on fraudulent conduct for failure to comply with Rule 9(b)); <u>see also</u>, <u>Caputo v. Pfizer, Inc.</u>, 267 F.3d 181, 191 (2nd Cir. 2001) (holding that Rule 9(b) applies to ERISA claims when plaintiff invokes ERISA's limitations period applicable to claims based on "fraud or concealment").

To satisfy Rule 9(b), a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the

7

statements.  Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992).  Such allegations cannot be conclusory, but must be supported by assertions of fact.  Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992) ("the complaint must, at minimum, describe the predicate acts with some specificity and 'state the time, place and content of the alleged communications perpetrating the fraud'") (citation omitted).  In particular, the complaint must describe "the who, what, when, where, and how:  the first paragraph of any newspaper story."  DiLeo, 901 F.2d at 627.

Here, the Complaint fails to allege these essential facts as to any of the purported misrepresentations made by Mondo Sr.  Even where the Complaint alleges that Mondo Sr. said something, it does not say where, when, how or to whom the statements were made.  (E.g., Compl. ¶¶ 7, 8.)  Worse, the Complaint often lumps the several defendants together and attributes representations to them as group, so it is impossible to tell who supposedly said what to whom.  (E.g., id., ¶¶ 9, 10, 11.)  This failure to allege the identity of the declarant of each false statement is also fatal.  E.g., Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 778 (7th Cir. 1994) (RICO complaint dismissed under Rule 9(b) because it "lumped together" multiple defendants and failed to inform each defendant specifically of his alleged participation in the fraud); TLMS Motor Corp. v. Toyota Motor Distribs., Inc., 912 F. Supp. 329, 334 (N.D. Ill. 1995) (under Rule 9(b), the plaintiff "must specify which defendant committed which allegedly fraudulent act").  Thus, the allegations of Count III do not meet the requirements of Rule 9(b).

    C.    <u>**Count V - Negligence**</u>

The last Count against Mondo Sr. is even easier to dispatch.  Count V first alleges that Mondo Sr. "negligently performed [his] fiduciary . . . duties with regard to Plaintiff." (Compl. ¶ 36.)

This claim is entirely redundant with Count I -- Plaintiff's other claim for breach of fiduciary duty. Because it is not a separate claim from Count I, it should be dismissed on that basis. Further, because it is the same claim as Count I, it fails for the same reasons that Count I fails, which are set forth fully above. Moreover, Count V next alleges that Mondo Sr. "negligently performed [his] . . . contractual duties with regard to Plaintiff." (Id.) The Complaint does not, however, allege that Mondo Sr. had a contract with Plaintiff. Thus, both alternative theories of negligence fail.

Further, neither theory of negligence is actually a negligence claim. As noted, a claim that one negligently breached a fiduciary duty is just a claim for breach of fiduciary duty. And a clam that one negligently breached a contract is just a claim for breach of contract (which is not alleged against Mondo Sr.). There is no independent basis for a negligence claim.

Moreover, Plaintiff's negligence claim is barred by the economic loss doctrine. In Moorman Mfg. Co. v. Nat'l Tank Co., 91 Ill.2d 69 (1982), the Illinois Supreme Court established the economic loss doctrine, which bars recovery in negligence for purely economic losses. Without the doctrine, every breach of contract claim would become a claim for the negligent performance of contractual obligations and the distinction between contract and tort would collapse. See R.J. O'Brien & Assocs., Inc. v. Forman, 298 F.3d 653, 657 (7th Cir. 2002) (citing Congregation of the Passion v. Touche Ross & Co., 159 Ill. 2d 137 (1994)); see also Moorman, 91 Ill. 2d at 86. Count V fits precisely within the economic loss doctrine; Plaintiff alleges that it suffered economic loss due to the supposed negligence of Mondo Sr. and others. Therefore, Count V should be dismissed with prejudice on this independent basis.

### D. The Court Should Dismiss Plaintiff's State Law Claims (If Any)

Although it appears from the Complaint that Counts I, III and V are all based on ERISA, it is possible that Plaintiff will assert that they are state law claims. If so, then the Court should decline to exercise its supplemental jurisdiction and dismiss them pursuant to Rule 12(b)(1) and 28 U.S.C. § 1367(c). Specifically, because Plaintiff's ERISA claims against Mondo Sr. fail, there is no federal question left pending between Plaintiff and Mondo Sr. "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999). Thus, because Plaintiff has no ERISA claims -- or any other federal claims -- against Mondo Sr., any state law claims should be dismissed for lack of subject matter jurisdiction.

### E. Alternatively, If Mondo Sr. Was An ERISA Fiduciary, Then Plaintiff's State Law Claims (If Any) Are Preempted

Finally, if the Court determines that Plaintiff did allege that Mondo Sr. is an ERISA fiduciary, then ERISA preempts any state law claims asserted in Counts III (fraud) and V (negligence). It is well established that ERISA preempts state statutes and common law to the extent that they relate to the administration of a covered plan (subject to certain exceptions, which are not applicable here). 29 U.S.C. § 1144(a); FMC Corp. v. Holliday, 498 U.S. 52, 65 (1990) (preempting state statutory claims); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (preempting state common law claims) (overruled on other grounds). Here, Plaintiff alleges that it is a covered plan, and attempts to allege that Mondo Sr. was its ERISA fiduciary and that his conduct harmed Plaintiff in connection with the administration of the plan. (E.g., Compl. ¶¶ 1, 20-21.) Although those allegations are defective and the claims should be dismissed, as set forth above, if the Court decides

that Plaintiff has adequately pleaded an ERISA claim against Mondo Sr., it necessarily follows that Plaintiff's common law fraud and negligence claims are preempted. Pilot, 481 U.S. at 47. Therefore, if the Court upholds Count I, it should dismiss Counts III and V on this alternative basis.

## III.   CONCLUSION

For the foregoing reasons, Defendant Robert Mondo, Sr. respectfully requests that the Court enter an Order granting his Motion to Dismiss Counts I, III and V, and awarding him all other and further relief as is appropriate.

          Respectfully submitted,

          ROBERT MONDO SR.

          By:   /s/ Richard G. Douglass
                One of His Attorneys

Stephen Novack
Karen L. Levine
Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois  60606
(312) 419-6900
Doc. #: 201217

## CERTIFICATE OF SERVICE

Richard G. Douglass, an attorney, hereby certifies that, on December 14th, 2007, he caused a true and correct copy of the foregoing **Defendant Robert Mondo Sr.'s Memorandum In Support Of His Motion To Dismiss Counts I, III and V of Plaintiff's Complaint** to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.



/s/ Richard G. Douglass
Richard G. Douglass