IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | **ECF CASE** |
| -against- | ) ) ) | Case No.: 07 C 6135 |
| | ) ) | Judge John W. Darrah |
| JOHN E. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR., and EXECUTIVE FIDELITY LTD, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION PURSUANT TO RULES 26(b) and 26(c) FOR
DISCOVERY LIMITATION SOLELY AS TO THE ISSUE OF
FEDERAL JURISDICTION AND
EXTENSION OF DISCOVERY DEADLINE THEREON**

Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST [hereinafter, "TRUST"], by its attorneys, DONALD E. CAMERON and JAMES W. MALLOY, hereby moves for entry of an Order imposing limitations authorized by 26(b)(2) for a protective order pursuant to 26(c) of the Federal Rules of Civil Procedure on the following grounds:

1. Plaintiff TRUST presents herewith its Certification Re: Good Faith Discovery Consultation, Pursuant to FRCP 26(c) and Local Rule 37.2.

2. The following Exhibits are submitted herewith:

    A.    Defendant Robert Mondo Sr.'s First Set of Interrogatories to Plaintiff, Limited to the Issue of Federal Jurisdiction

    B.    Defendant Robert Mondo Sr.'s First Set of Requests for Production of Documents and Things to Plaintiff, Limited to the Issue of

       Federal Jurisdiction

    C.    Defendant Robert Mondo Sr.'s First Set of Requests to Admit to Plaintiff, Limited to the Issue of Federal Jurisdiction

3. Plaintiff's attorney DONALD E. CAMERON, has been ill and unable to work for a period of two weeks.

4. His office location in New York City requires the frequency and extent of his presence at Plaintiff's offices in Oak Brook, Illinois in direct proportion to the extent of discovery demands.

5. Attorney ROBERT G. DOUGLASS, for Defendant, ROBERT MONDO, SR., declined my request for a two week extension of the discovery deadline.

6. Attorney ROBERT G. DOUGLASS has propounded extremely extensive discovery demands, by interrogatories, requests for document production, and requests to admit, despite the fact that each purport to be self-limited in accordance with this Court's direction: "… LIMITED TO THE ISSUE OF FEDERAL JURISDICTION."

7. Attorney ROBERT G. DOUGLASS propounded five hundred (500) requests to admit, comprising fifty (50) pages solely on the issue of jurisdiction, one hundred (100) regarding each of the five defendants.

8. The number of requests to admit are tripled by asking each question of Plaintiff TRUST three times.

9. Attorney, ROBERT G. DOUGLASS propounded seven pages of intricate definitions and instructions for interrogatories, six pages for requests to produce, and over two pages for requests to admit superimposed on the requirements of the Federal Rules of Civil

Procedure.

10. Interrogatory 6 reaches beyond its self-limitation of federal jurisdiction to the merits by requesting damages caused by each of the five defendants and should therefore be stricken.

11. Rule 33 of the Federal Rules of Civil Procedure limits a party to twenty-five interrogatories including discrete subparts.

12. Interrogatory Number 7 causes the interrogatories to exceed the permitted 25 limit by imposing distinct four (4) interrogatories for each denial of one of the one hundred (100) requests to admit, Number 201 through Number 300, applicable to Robert Mondo, Sr., to wit, (i) the factual basis for Plaintiff's denials; (ii) the identity of persons with knowledge; (iii) the "full scope" of the knowledge; and (iv) each "related" document.

13. On February 21, 2008, attorney ROBERT G. DOUGLASS at the Chambers of Judge Matthew Kennelly said, absurdly, that the requests to admit were tripled because the Plaintiff was three persons as defined in his instructions. Defendant asks for admissions concerning an entity that is not a party to this lawsuit, specifically the National Production Workers Union. Defendant cannot bring a third party into the case by the mere inclusion of said party in its Rule 36 request, and his attempt to have the TRUST answer on behalf of the Union is overreaching and oppressive.

14. Furthermore, Defendant asks for 500 admissions of fact that are far more easily obtainable by other means, either through deposition or through the production of documents pursuant to any reasonable request of Defendant. Defendant's absurdly voluminous Requests To Admit are made for the sole purpose of annoyance, and are unduly oppressive. In

addition, coming at the outset of discovery as they do, the Requests to Admit are premature. Plaintiff therefore requests that, pursuant to Rule 26(c), the Court strike Defendant's "First Set Of Requests To Admit," and direct Defendant to obtain the information he requests in a manner more convenient and less burdensome.

15. Additionally, Attorney ROBERT G. DOUGLASS' document request Number 35 asks for each document identified in each denial pursuant to Interrogatory Number 7. Interrogatory Number 7 itself asks for "the factual basis" for the denial of each of Defendant's five hundred Requests to Admit. In other words, Defendant is asking for documents pertaining to the potential denial of hundreds of "Request To Admit," as well as the "basis" for each denial, and seeks to have Plaintiff provide an infinite amount of information in an effort to circumvent the limitations imposed on Defendant by Rule 26. The sole purpose of Defendant's unduly burdensome requests is, of course, to annoy, oppress and cause undue expense to the Plaintiff TRUST.

16. Therefore, TRUST requests that Defendant MONDO SR.'s First Set Of Requests To Admit be stricken in its entirety; that Interrogatory Numbers 6 and 7 be stricken from Defendant MONDO SR.'s First Set Of Interrogatories; and that Document Request Number 35 be stricken from Defendant MONO SR.'s First Set Of Requests For Production Of Documents.

WHEREFORE, Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, by its attorneys DONALD E. CAMERON and JAMES W. MALLOY, requests that this Court issue an Order extending Plaintiff's time for response to discovery two weeks from entry of this Court's Order regarding the within motion; striking interrogatories six

(6) and seven (7); striking the cumulative and duplicate requests to admit in their entirety; and granting such other relief as this Court deems fit and proper.

Dated: February 22, 2008

/s/James W. Malloy
JAMES W. MALLOY
Attorney for Plaintiff
National Production Workers Union
Insurance Trust

Donald E. Cameron
139 Fulton Street
Suite 903
New York, NY 10038
212-233-3348

James W. Malloy
53 West Jackson Blvd.
Suite1534
Chicago, IL 60604
312-427-1696

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on February 22, 2008, I served the within **Plaintiff's Motion Pursuant to Rules 26(b) and 26(c) For Discovery Limitation Solely as to the Issue of Federal Jurisdiction and Extension of Discovery Deadline Thereon** by filing with the Court's CM/ECF system, which will make copies of the document available to all counsel of record.

/s/Judith E. Stein, Esq.

## SERVICE LIST

Stephen Novack
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606

Karen L. Levine
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606

Monte L. Mann
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606

Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602

Adrian M. Vuckovich
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602

Cynthia Louise Giacchetti
LAW OFFICES OF CYNTHIA GIACCHETTI
53 West Jackson Blvd., Suite 1460
Chicago, IL 60604