IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, ) ) ) | |
| Plaintiff, ) ) | Case No. 07 C 6135 |
| v. ) ) | Judge John W. Darrah |
| JOHN E. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR. and EXECUTIVE FIDELITY LTD., ) ) ) ) ) ) | Mag. Judge Geraldine Soat Brown |
| Defendants. ) | |

**DEFENDANT ROBERT MONDO SR.'S FIRST
SET OF INTERROGATORIES TO PLAINTIFF,
<u>LIMITED TO THE ISSUE OF FEDERAL JURISDICTION</u>**

Defendant Robert Mondo Sr., by his attorneys, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Plaintiff answer the following Interrogatories no later than 30 days after service hereof.

## DEFINITIONS

A.  "Mondo Sr." means or refers to Defendant Robert Mondo Sr., and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

B.  "Plaintiff," "You" or "Your" means or refers to Plaintiff National Production Workers Union Insurance Trust, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

C.  "Union" means or refers to the National Production Workers Union, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

D. "Harter" means or refers to Defendant John E. Harter and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

E. "ASO Company" means or refers to Defendant The ASO Company, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

F. "Mondo Jr." means or refers to Defendant Robert Mondo Jr. and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

G. "Executive Fidelity" means or refers to Defendant Executive Fidelity, Ltd., its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

H. "Defendants" means or refers to Mondo Sr., Harter, ASO Company, Mondo Jr. and/or Executive Fidelity, individually or collectively.

I. "Complaint" means or refers to the Complaint filed by Plaintiff in this matter.

J. The "Plan" means refers to the "employee welfare benefit plan" allegedly operated by Plaintiff, which is referred to in paragraph 6 of the Complaint.

K. "Communications" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, e-mails, voice mails, notes, telegrams, advertisements, memoranda or any and all other form of verbal exchange, whether oral or written.

L. As used herein, the term "document" is used in the broadest sense permissible pursuant to the Federal Rules of Civil Procedure, and includes all written or graphic matter of every kind and description however produced or reproduced, whether draft or final, original or

reproduction and all tangible things, including, without limitation, all Communications and all electronically stored information ("ESI") stored on any electronic storage media. For purposes of these Requests, ESI includes, but is not limited to, the following:

1. Correspondence;

2. Document drafts;

3. Document changes not saved;

4. Documents created not saved;

5. Instant messages-sent and received;

6. E-mails;

7. Attachments;

8. Metadata associated with specific data files;

9. Internet Service Provider (ISP) e-mails i.e., Yahoo mail, Hot Mail, Gmail, AOL etc.;

10. Voice mail messages/deleted voice messages;

11. Folder names/File directory;

12. Master File Table;

13. Images (including all website images visited);

14. All website visiting activities, history and cookies (including elapsed time while viewing each site);

15. History of internet searches by search terms;

16. Spreadsheets;

17. Draft spreadsheets;

18. Database files;

19. Financial records (including tax and accounting records);

20. Facsimile transmissions;

21. Facsimile machine logs;

22. File access history from computer servers, intranets and extranets;

23. Contact lists;

24. Calendar appointments;

25. Personal Digital Assistant and/or Smartphone synchronized data;

26. Web Logs or "Blogs;"

27. Deleted files; and

28. Slack (i.e., data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer, sometimes called "RAM slack," or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

For purposes of these Requests, electronic storage media includes, but is not limited to, hard drives, CD-ROMs, CD-Rs, CD-RWs, DVD-ROMs, DVD-Rs, DVD-RWs, memory cards, USB Drives, cellular phone memory, PDA memory, tapes, JAZ cartridges and any other media capable of storing ESI. Any draft of a document or non-identical copy of a document constitutes a separate "document."

M. "Relate to," including its various forms such as "related to" or "relating to," shall mean to consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

N. "Person" means or refers to any individual, corporation, partnership, association, organization and any other entity of all types and natures.

4

O. The terms "describe" and "identify" either alone or when used in connection with any of the following terms mean to state:

    a. With respect to a natural person:

        i. Such person's name and present or last known address;

        ii. The name and address of his or her present or last known employer and title or position with such employer;

        iii. If employed by You, each position and title during his or her employment and period during which such position was held;

        iv. If employed by You, the nature and description of his or her duties and responsibilities in each position indicated; and

        v. If such person was employed by You and is no longer employed by You, the date and reason for termination.

    b. With respect to any person other than a natural person:

        i. Its full name and all of the names by which it is known or referred to;

        ii. Its form of organization, e.g., corporation, partnership, or sole proprietorship;

        iii. The state under whose law it is organized;

        iv. The present or last known address of its principal place of business or office; and

        v. A description of the nature of its business.

    c. With respect to a document:

        i. The date of the document;

        ii. The type of document (e.g., letter, memorandum, telegram);

        iii. The subject matter or substance of the document;

        iv.      The identity of each author, addressee and person copied on the document;

        v.      The identity of all persons who now have custody of the document, or any copy of the document;

        vi.      The location of such document; and

        vii.      If any such document was at any time in Your possession, custody or control, but is no longer, state whether such document is missing, lost, destroyed, or has been transferred, voluntarily or involuntarily, to any other person, or otherwise disposed of, and the circumstances surrounding it, and authorization given, if any, for such disposition, the approximate date of such disposition and the identity of person or persons to whom such document was transferred, if any.

d.      With respect to a meeting or conference:

        i.      The date and location thereof;

        ii.      The identity of all persons present;

        iii.      The identity of any documents which record, refer or relate to such meeting; and

        iv.      The subject matter or matters discussed.

e.      With respect to a Communication:

        i.      The date, location and medium of Communication;

        ii.      The identity of the author or declarant of such Communication;

        iii.      The identity of the recipient of such Communication;

        iv.      The identity of any document which records, refers or relates to such Communication; and

        v.      The subject matter or substance of such Communication.

## **INSTRUCTIONS**

P.   Whenever appropriate, the singular form of a word should be interpreted in the plural.

Q.   "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

R.   All objections which cause You to fail or refuse to fully respond on the ground of any claim of privilege of any kind whatsoever shall:

1. State the nature of the claim of privilege;

2. State all facts relied upon in support of the claim of privilege;

3. Identify all documents related to the claim of privilege;

4. Identify all persons having knowledge of any facts related to the claim of privilege; and

5. Identify all events, transactions or occurrences related to the claim of privilege.

S.   Unless otherwise provided in a specific interrogatory, the time period covered by these interrogatories are from January 1, 2000 through the date you complete your response.

T.   In the event that You produce Documents in response to any of these Interrogatories in reliance upon Rule 33(d), specify (by Bates number) which Document or Documents You contend contain, in whole or in part, the information requested in the Interrogatory.

U.   The fact that any of the Interrogatories below is more specific than any other Interrogatories is not intended to limit the scope of any of the Interrogatories herein.

V.  Pursuant to the agreement of the parties, these Interrogatories are limited to the topic of federal jurisdiction. Mondo Sr. reserves the right to serve additional Interrogatories regarding any other topics at any appropriate time.

## INTERROGATORIES

1. Identify all Persons with knowledge of Plaintiff's allegation that Defendants, or any of them, was or is a fiduciary of Plaintiff, the Union and/or the Plan, and describe each such Person's knowledge of each such allegation.

   **ANSWER:**

2. Identify any and all mutual agreements, arrangement or understandings -- whether written or oral -- between or among any Defendant and Plaintiff, the Union and/or the Plan.

   **ANSWER:**

3. Describe each Defendant's authority or control with respect to the management or administration of the Plan, or the disposition or content of any Plan assets, if any.

   **ANSWER:**

8

4.  Describe all investment advice provided by any Defendant to the Plan, including, but not limited to: (a) the name of the Defendant that provided the advice; (b) the date(s) the advice was provided; (c) whether Plaintiff, the Union and/or the Plan accepted or rejected such advice; and (d) the compensation provided to Defendant for such advice.

**ANSWER**:

5.  For every administrative and/or investment decision related to the Plan which was based primarily upon any investment advice or other recommendation provided by any Defendant to Plaintiff, the Union and/or the Plan, please: (a) describe the decision; (b) state the date of the decision; (c) state the amount of loss or gain to the Plan that resulted from the decision; (d) identify the Defendant that provided the investment advice and/or recommendation upon which the decision was based; (e) describe the investment advice or recommendation upon which the decision was based; and (f) describe the compensation paid to the Defendant that provided the investment advice or recommendation upon which the decision was based.

**ANSWER**:

6. Identify the damages caused by each Defendant's alleged breach(es) of his or its alleged fiduciary duty to Plaintiff, the Union and/or the Plan, including, but not limited to: (a) the amount of damage; (b) the date the damage was incurred; (c) the Defendant(s) that caused the damage; and (d) the manner in which the Defendant(s) caused such damage.

**ANSWER:**


7. If You denied any of Robert Mondo Sr.'s First Set of Requests For Admissions to Plaintiff, in whole or in part, state the factual basis for each such denial, identify all Persons with knowledge of such facts and the full scope of each such person's knowledge thereof, and identify all Documents that refer or relate to such facts.

**ANSWER:**


ROBERT MONDO SR.

By: _____
One of His Attorneys

Stephen Novack
Karen L. Levine
Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731
Doc. #: 204564

## CERTIFICATE OF SERVICE

Richard G. Douglass, an attorney, hereby certifies that he served the foregoing ***Defendant Robert Mondo Sr.'s First Set of Interrogatories to Plaintiff, Limited to the Issue of Federal Jurisdiction*** by causing a true and correct copy thereof to be delivered by messenger delivery to:

>James W. Malloy
>53 West Jackson Boulevard
>Suite 1534
>Chicago, Illinois 60604
>
>Cynthia Louise Giachchetti
>Law Office of Cynthia Giacchetti
>53 West Jackson Boulevard
>Suite 1460
>Chicago, Illinois 60604
>
>George B. Collins
>Adrian M. Vukovich
>Collines & Bargione
>One North LaSalle Street
>Suite 2235
>Chicago, Illinois 60602

and by U.S. Mail, proper First Class postage pre-paid, to:

>Donald Edward Cameron
>Law Offices of Donald E. Cameron
>139 Fulton Street, #903
>New York, NY 10038

on this 29th day of January, 2008.

_____
Richard G. Douglass