IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, <br><br> Plaintiff, <br><br> v. <br><br> JOHN E. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR. and EXECUTIVE FIDELITY LTD., <br><br> Defendants. | Case No. 07 C 6135 <br><br> Judge John W. Darrah <br><br> Mag. Judge Geraldine Soat Brown |

### DEFENDANT ROBERT MONDO SR.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF, LIMITED TO THE ISSUE OF FEDERAL JURISDICTION

Defendant Robert Mondo Sr., by his attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff produce the following described documents for inspection and copying at the offices of Novack and Macey LLP, 100 North Riverside Plaza, Chicago, Illinois 60606, no later than 30 days after service hereof.

### DEFINITIONS

A.   "Mondo Sr." means or refers to Defendant Robert Mondo Sr., and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

B.   "Plaintiff," "You" or "Your" means or refers to Plaintiff National Production Workers Union Insurance Trust, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

C.  "Union" means or refers to the National Production Workers Union, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

D.  "Harter" means or refers to Defendant John E. Harter and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

E.  "ASO Company" means or refers to Defendant The ASO Company, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

F.  "Mondo Jr." means or refers to Defendant Robert Mondo Jr. and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

G.  "Executive Fidelity" means or refers to Defendant Executive Fidelity, Ltd., its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

H.  "Defendants" means or refers to Mondo Sr., Harter, ASO Company, Mondo Jr. and/or Executive Fidelity, individually or collectively.

I.  "Complaint" means or refers to the Complaint filed by Plaintiff in this matter.

J.  The "Plan" means refers to the "employee welfare benefit plan" allegedly operated by Plaintiff, which is referred to in paragraph 6 of the Complaint.

K.  "Communications" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, e-mails, voice mails, notes, telegrams, advertisements, memoranda or any and all other form of verbal exchange, whether oral or written.

L.   As used herein, the term "document" is used in the broadest sense permissible pursuant to the Federal Rules of Civil Procedure, and includes all written or graphic matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction and all tangible things, including, without limitation, all Communications and all electronically stored information ("ESI") stored on any electronic storage media. For purposes of these Requests, ESI includes, but is not limited to, the following:

1.   Correspondence;

2.   Document drafts;

3.   Document changes not saved;

4.   Documents created not saved;

5.   Instant messages-sent and received;

6.   E-mails;

7.   Attachments;

8.   Metadata associated with specific data files;

9.   Internet Service Provider (ISP) e-mails i.e., Yahoo mail, Hot Mail, Gmail, AOL etc.;

10.  Voice mail messages/deleted voice messages;

11.  Folder names/File directory;

12.  Master File Table;

13.  Images (including all website images visited);

14.  All website visiting activities, history and cookies (including elapsed time while viewing each site);

15.  History of internet searches by search terms;

16. Spreadsheets;

17. Draft spreadsheets;

18. Database files;

19. Financial records (including tax and accounting records);

20. Facsimile transmissions;

21. Facsimile machine logs;

22. File access history from computer servers, intranets and extranets;

23. Contact lists;

24. Calendar appointments;

25. Personal Digital Assistant and/or Smartphone synchronized data;

26. Web Logs or "Blogs;"

27. Deleted files; and

28. Slack (i.e., data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer, sometimes called "RAM slack," or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

For purposes of these Requests, electronic storage media includes, but is not limited to, hard drives, CD-ROMs, CD-Rs, CD-RWs, DVD-ROMs, DVD-Rs, DVD-RWs, memory cards, USB Drives, cellular phone memory, PDA memory, tapes, JAZ cartridges and any other media capable of storing ESI. Any draft of a document or non-identical copy of a document constitutes a separate "document."

M.    "Relate to," including its various forms such as "related to" or "relating to," shall mean to consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

N.    "Person" means or refers to any individual, corporation, partnership, association, organization and any other entity of all types and natures.

## INSTRUCTIONS

O.    Whenever appropriate, the singular form of a word should be interpreted in the plural.

P.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside of the scope of these Requests.

Q.    If You fail to produce any documents on the grounds of a claimed privilege, please provide a statement setting forth as to each such document:

    1.    The name of the sender, if any, of the document;

    2.    The name of the author of the document;

    3.    The name of the persons, if any, to whom the document was sent;

    4.    The date of the document;

    5.    The date on which the document was received by those having possession of the document;

    6.    A brief description of the nature and the subject matter of the document; and

    7.    The statute, rule or decision which is claimed to give rise to the privilege.

R. If any document requested herein was, but is no longer in Your possession or within or subject to Your control, state as to each such document:

1. the date and manner of its disposition;

2. the name and address of the individual or firm having possession, custody or control of the document; and

3. a brief description of the nature and subject matter of the document.

S. Unless otherwise provided in a specific document request, the time period covered by these requests are from January 1, 2000 through the date you complete your response.

T. Pursuant to Rule 34(b)(1)(C), You are requested to produce all ESI either in its native format, or in an alternative format agreed upon by the parties prior to production. In either event, You are requested to produce all metadata associated with ESI, and to produce such ESI and metadata in a manner that does not alter the metadata associated with the ESI.

U. The fact that any of the Requests below is more specific than any other Request is not intended to limit the scope of any of the Requests herein.

V. Pursuant to the agreement of the parties, these Requests are limited to the topic of federal jurisdiction. Mondo Sr. reserves the right to serve additional Requests regarding any other topics at any appropriate time.

## **DOCUMENTS TO BE PRODUCED**

1. All Documents that refer or relate to whether any of the Defendants were named as a fiduciary of Plaintiff, the Union and/or the Plan in any written document or instrument related to the Plan.

2. All Documents that refer or relate to whether any of the Defendants were named as a fiduciary of Plaintiff, the Union and/or the Plan in any procedure specified in any written document or instrument related to the Plan.

3. All Documents that refer or relate to whether any of the Defendants were named as a fiduciary of Plaintiff, the Union and/or the Plan pursuant to 29 U.S.C. §§ 1102(a) or 1102(a)(2).

4. All Documents that refer or relate to any discretionary authority or control with respect to the management or administration of the Plan allegedly possessed by any of the Defendants.

5. All Documents that refer or relate to any discretionary authority or control with respect to the management of the Plan allegedly exercised by any of the Defendants.

6. All Documents that refer or relate to the disposition of any assets of the Plan, which disposition was performed pursuant to the authority or control of any of the Defendants.

7. All Documents that refer or relate to any investment advice rendered by any Defendant related to the Plan.

8. All Documents that refer or relate to any compensation paid by Plaintiff, the Union and/or the Plan to any Defendant(s) in exchange for any investment advice related to the Plan rendered by such Defendant(s).

9. All Documents that refer or relate to whether any of the Defendants have or had a responsibility to render investment advice to Plaintiff, the Union and/or the Plan.

10. All Documents that refer or relate to whether any of the Defendants have or had the authority to render investment advice to the Plaintiff, the Union and/or the Plan.

11. All Documents that refer or relate to whether any Defendant has or had any discretionary authority in the administration of the Plan.

12. All Documents that refer or relate to whether any Defendant has or had any discretionary responsibility in the administration of the Plan.

13. All Documents that refer or relate to the Plaintiff's, the Union's and/or the Plan's consideration, review, approval, ratification, implementation and/or rejection of any investment advice rendered to Plaintiff, the Union and/or the Plan by any Defendant(s).

14. All Documents that refer or relate to the Plaintiff's, the Union's and/or the Plan's consideration, review, approval, ratification, implementation and/or rejection of any recommendation for the disposition of any Plan asset(s) by any Defendant(s).

15. All Documents that refer or relate to the Plaintiff's, the Union's and/or the Plan's consideration, review, approval, ratification, implementation and/or rejection of any recommendation relating to the administration of the Plan by any Defendant.

16. All Documents that refer or relate any advice rendered to Plaintiff, the Union and/or the Plan by any Defendant as to the value of securities or other property of the Plan.

17. All Documents that refer or relate to any recommendations made to Plaintiff, the Union and/or the Plan regarding the advisability of investing in, purchasing, or selling securities or other property.

18. All Documents that refer or relate to whether any Defendant has or had discretionary authority or control with respect to purchasing or selling securities or other property for the Plan.

19. All Documents that refer or relate to whether any Defendant rendered any investment advice to the Plan on a regular basis.

20. All Documents that refer or relate to any agreement(s) between any Defendant and Plaintiff, the Union and/or the Plan.

21. All Documents that refer or relate to whether any investment advice rendered to Plaintiff, the Union and/or the Plan served as the primary basis for investment decisions with respect to Plan assets.

22. All Documents that refer or relate to whether any Defendant rendered "individualized investment advice" -- as that term is used in 29 C.F.R. § 2510.3-21 -- to Plaintiff, the Union and/or the Plan.

23. All Documents that refer or relate to whether any Defendant rendered advice to Plaintiff, the Union and/or the Plan regarding the Plan's investment policies or strategy, overall portfolio composition, diversification of Plan investments, or other similar matters.

24. All Documents that refer or relate to the existence or non-existence of any mutual agreement, arrangement or understanding between or among any Defendant and Plaintiff, the Union and/or the Plan that any Defendant's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

25. All Documents that refer or relate to any damages to Plaintiff, the Union and/or the Plan which were caused by any of the Defendants.

26. All Documents that refer or relate to the calculation of any damages which Plaintiff alleges were caused by any of the Defendants.

27. All Documents that refer or relate to any of the Defendants' alleged possession of information that should have been provided to Plaintiff, the Union and/or the Plan.

28. All Documents that refer or relate to each Defendant's specific fiduciary responsibilities to the Plaintiff, the Union and/or the Plan (if any).

29. Documents sufficient to identify each breach of fiduciary duty allegedly committed by each Defendant.

30. All Documents that refer or relate to any Defendant's alleged failure to prevent the alleged breaches of fiduciary duty (or duties) by any other Defendant.

31. Documents sufficient to identify each breach of fiduciary duty that each Defendant allegedly could have prevented, but did not.

32. All Documents that refer or relate to whether any Defendant knew of the alleged breaches of fiduciary duty (or duties) by any other Defendant.

33. All Documents that refer or relate to whether any Defendant owed any fiduciary duty or duties to Plaintiff, the Union and/or the Plan.

34. To the extent not already requested above, all Documents that refer or relate to Plaintiff's allegation that the United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over this matter.

35. All Documents identified in any of Plaintiff's answers to any of the interrogatories served upon Plaintiff in this action by any Defendant, including, but not limited to, all Documents identified in Plaintiff's answers to Defendant Robert Mondo Sr.'s First Set of Interrogatories to Plaintiff, Limited to the Issue of Federal Jurisdiction.

ROBERT MONDO SR.

By: _____
One of His Attorneys

Stephen Novack
Karen L. Levine
Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731
Doc. #: 204565

11

## CERTIFICATE OF SERVICE

Richard G. Douglass, an attorney, hereby certifies that he served the foregoing ***Defendant Robert Mondo Sr.'s First Set of Requests for the Production of Documents and Things to Plaintiff, Limited to the Issue of Federal Jurisdiction*** by causing a true and correct copy thereof to be delivered by messenger delivery to:

> James W. Malloy
> 53 West Jackson Boulevard
> Suite 1534
> Chicago, Illinois 60604
>
> Cynthia Louise Giachchetti
> Law Office of Cynthia Giacchetti
> 53 West Jackson Boulevard
> Suite 1460
> Chicago, Illinois 60604
>
> George B. Collins
> Adrian M. Vukovich
> Collines & Bargione
> One North LaSalle Street
> Suite 2235
> Chicago, Illinois 60602

and by U.S. Mail, proper First Class postage pre-paid, to:

> Donald Edward Cameron
> Law Offices of Donald E. Cameron
> 139 Fulton Street, #903
> New York, NY 10038

on this 29th day of January, 2008.

_____
Richard G. Douglass