IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, ) ) ) | |
| Plaintiff, ) ) | Case No. 07 C 6135 |
| v. ) ) | Judge John W. Darrah |
| JOHN E. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR. and EXECUTIVE FIDELITY LTD., ) ) ) ) ) | Mag. Judge Geraldine Soat Brown |
| Defendants. ) | |

**DEFENDANT ROBERT MONDO SR.'S FIRST
SET OF REQUESTS TO ADMIT TO PLAINTIFF,
LIMITED TO THE ISSUE OF FEDERAL JURISDICTION**

Defendant Robert Mondo Sr., by his attorneys, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that Plaintiff National Production Workers Union Insurance Trust provide written admissions or denials of the following Requests to Admit no later than 30 days after service hereof.

**DEFINITIONS**

A.  "Mondo Sr." means or refers to Defendant Robert Mondo Sr., and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

B.  "Plaintiff," "You" or "Your" means or refers to Plaintiff National Production Workers Union Insurance Trust, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

C. "Union" means or refers to the National Production Workers Union, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

D. "Harter" means or refers to Defendant John E. Harter and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

E. "ASO Company" means or refers to Defendant The ASO Company, its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

F. "Mondo Jr." means or refers to Defendant Robert Mondo Jr. and his agents, employees and all other persons acting or purporting to act on behalf of any of them.

G. "Executive Fidelity" means or refers to Defendant Executive Fidelity, Ltd., its predecessors, successors and assigns, as well as any agents, attorneys, employees, partners, associates, and all persons acting or purporting to act on behalf of any of them.

H. "Defendants" means or refers to Mondo Sr., Harter, ASO Company, Mondo Jr. and/or Executive Fidelity, individually or collectively.

I. "Complaint" means or refers to the Complaint filed by Plaintiff in this matter.

J. The "Plan" means refers to the "employee welfare benefit plan" allegedly operated by Plaintiff, which is referred to in paragraph 6 of the Complaint.

## INSTRUCTIONS

K. Whenever appropriate, the singular form of a word should be interpreted in the plural.

L. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

M. Unless otherwise provided in a specific Request to Admit, the time period covered by these Requests to Admit are from January 1, 2000 through the date you complete your response.

N. The fact that any of the Requests to Admit below is more specific than any other Requests to Admit is not intended to limit the scope of any of the Requests to Admit herein.

O. Pursuant to the agreement of the parties, these Requests to Admit are limited to the topic of federal jurisdiction. Mondo Sr. reserves the right to serve additional Requests to Admit regarding any other topics at any appropriate time.

P. If You cannot truthfully admit or deny a Request to Admit, specifically set forth the reasons why You cannot truthfully admit or deny the matters about which admission is requested.

Q. If written objections to a part of a Request to Admit are made, the remainder of the request shall be answered.

## REQUESTS TO ADMIT

*Defendant Harter*

1. Admit that Harter was not a fiduciary of the Plaintiff.

2. Admit that Harter was not a fiduciary of the Union.

3. Admit that Harter was not a fiduciary of the Plan.

4. Admit that Harter was not named as a fiduciary of Plaintiff in any written instrument related to the Plan.

5. Admit that Harter was not named as a fiduciary of the Union in any written instrument related to the Plan.

6. Admit that Harter was not named as a fiduciary of the Plan in any written instrument related to the Plan.

7. Admit that Harter was not named as a fiduciary of Plaintiff in any written procedure related to the Plan.

8. Admit that Harter was not named as a fiduciary of the Union in any written procedure related to the Plan.

9. Admit that Harter was not named as a fiduciary of the Plan in any written procedure related to the Plan.

10. Admit that Harter did not have discretionary authority with respect to the management of the Plan.

11. Admit that Harter did not have discretionary authority with respect to the administration of the Plan.

12. Admit that Harter did not have discretionary control with respect to the management of the Plan.

13. Admit that Harter did not have discretionary control with respect to the administration of the Plan.

14. Admit that Harter did not exercise discretionary authority with respect to the management of the Plan.

15. Admit that Harter did not exercise discretionary authority with respect to the administration of the Plan.

16. Admit that Harter did not exercise discretionary control with respect to the management of the Plan.

17. Admit that Harter did not exercise discretionary control with respect to the administration of the Plan.

18. Admit that no actions were taken with respect to the Plan based primarily upon the recommendation or advice of Harter.

19. Admit that Harter did not control the disposition of any assets of the Plan.

20. Admit that Harter did not have the authority to dispose of any assets of the Plan.

21. Admit that Harter did not provide any investment advice related to the Plan.

22. Admit that Plaintiff did not provide Harter with any compensation in exchange for investment advice with respect to the Plan.

23. Admit that the Union did not provide Harter with any compensation in exchange for investment advice with respect to the Plan.

24. Admit that the Plan did not provide Harter with any compensation in exchange for investment advice with respect to the Plan.

25. Admit that Harter did not have any responsibility to render investment advice to Plaintiff.

26. Admit that Harter did not have any responsibility to render investment advice to the Union.

27. Admit that Harter did not have any responsibility to render investment advice to the Plan.

28. Admit that Harter did not render to Plaintiff any advice regarding the value of any securities of the Plan.

29. Admit that Harter did not render to Plaintiff any advice regarding the value of any property of the Plan.

30. Admit that Harter did not render to the Union any advice regarding the value of any securities of the Plan.

31. Admit that Harter did not render to the Union any advice regarding the value of any property of the Plan.

32. Admit that Harter did not render to the Plan any advice regarding the value of any securities of the Plan.

33. Admit that Harter did not render to the Plan any advice regarding the value of any property of the Plan.

34. Admit that Harter did not provide any recommendations to Plaintiff regarding the advisability of investing in securities.

35. Admit that Harter did not provide any recommendations to Plaintiff regarding the advisability of investing in property.

36. Admit that Harter did not provide any recommendations to Plaintiff regarding the advisability of purchasing any securities.

37. Admit that Harter did not provide any recommendations to Plaintiff regarding the advisability of purchasing any property.

38. Admit that Harter did not provide any recommendations to Plaintiff regarding the advisability of selling any securities.

39. Admit that Harter did not provide any recommendations to Plaintiff regarding the advisability of selling any property.

40. Admit that Harter did not provide any recommendations to the Union regarding the advisability of investing in securities.

41. Admit that Harter did not provide any recommendations to the Union regarding the advisability of investing in property.

42. Admit that Harter did not provide any recommendations to the Union regarding the advisability of purchasing any securities.

43. Admit that Harter did not provide any recommendations to the Union regarding the advisability of purchasing any property.

44. Admit that Harter did not provide any recommendations to the Union regarding the advisability of selling any securities.

45. Admit that Harter did not provide any recommendations to the Union regarding the advisability of selling any property.

46. Admit that Harter did not provide any recommendations to the Plan regarding the advisability of investing in securities.

47. Admit that Harter did not provide any recommendations to the Plan regarding the advisability of investing in property.

48. Admit that Harter did not provide any recommendations to the Plan regarding the advisability of purchasing any securities.

49. Admit that Harter did not provide any recommendations to the Plan regarding the advisability of purchasing any property.

50. Admit that Harter did not provide any recommendations to the Plan regarding the advisability of selling any securities.

51. Admit that Harter did not provide any recommendations to the Plan regarding the advisability of selling any property.

52. Admit that Harter did not have discretionary authority with respect to purchasing securities for the Plan.

53. Admit that Harter did not have discretionary authority with respect to purchasing property for the Plan.

54. Admit that Harter did not have discretionary control with respect to purchasing securities for the Plan.

55. Admit that Harter did not have discretionary control with respect to purchasing property for the Plan.

56. Admit that Harter did not have discretionary authority with respect to selling securities for the Plan.

57. Admit that Harter did not have discretionary authority with respect to selling property for the Plan.

58. Admit that Harter did not have discretionary control with respect to selling securities for the Plan.

59. Admit that Harter did not have discretionary control with respect to selling property for the Plan.

60. Admit that Harter did not render investment advice to Plaintiff on a regular basis.

61. Admit that Harter did not provide investment advice to the Union on a regular basis.

62. Admit that Harter did not provide investment advice to the Plan on a regular basis.

63. Admit that there was no agreement between Plaintiff and Harter regarding Harter rendering investment advice to Plaintiff.

64. Admit that there was no agreement between Plaintiff and Harter regarding Harter rendering investment advice to the Union

65. Admit that there was no agreement between Plaintiff and Harter regarding Harter rendering investment advice to the Plan.

66. Admit that there was no agreement between the Union and Harter regarding Harter rendering investment advice to Plaintiff.

67. Admit that there was no agreement between the Union and Harter regarding Harter rendering investment advice to the Union

68. Admit that there was no agreement between the Union and Harter regarding Harter rendering investment advice to the Plan.

69. Admit that there was no agreement between the Plan and Harter regarding Harter rendering investment advice to Plaintiff.

70. Admit that there was no agreement between the Plan and Harter regarding Harter rendering investment advice to the Union

71. Admit that there was no agreement between the Plan and Harter regarding Harter rendering investment advice to the Plan.

72. Admit that Harter did not render "individualized investment advice" -- as that term is used in 29 C.F.R. § 2510.3-21 -- to Plaintiff.

73. Admit that Harter did not render "individualized investment advice" -- as that term is used in 29 C.F.R. § 2510.3-21 -- to the Union.

74. Admit that Harter did not render "individualized investment advice" -- as that term is used in 29 C.F.R. § 2510.3-21 -- to the Plan.

75. Admit that Harter did not render any advice to Plaintiff regarding the Plan's investment policies.

76. Admit that Harter did not render any advice to the Union regarding the Plan's investment policies.

77. Admit that Harter did not render any advice to the Plan regarding the Plan's investment policies.

78. Admit that Harter did not render any advice to Plaintiff regarding the Plan's investment strategy.

79. Admit that Harter did not render any advice to the Union regarding the Plan's investment strategy.

80. Admit that Harter did not render any advice to the Plan regarding the Plan's investment strategy.

81. Admit that Harter did not render any advice to Plaintiff regarding the Plan's overall portfolio composition.

82. Admit that Harter did not render any advice to the Union regarding the Plan's overall portfolio composition.

83. Admit that Harter did not render any advice to the Plan regarding the Plan's overall portfolio composition.

84. Admit that Harter did not render any advice to Plaintiff regarding the Plan's diversification of Plan investments.

85. Admit that Harter did not render any advice to the Union regarding the Plan's diversification of Plan investments.

86. Admit that Harter did not render any advice to the Plan regarding the Plan's diversification of Plan investments.

87. Admit that there were no mutual agreements between or among Harter and Plaintiff that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

88. Admit that there were no arrangements between or among Harter and Plaintiff that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

89. Admit that there were no understandings between or among Harter and Plaintiff that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

90. Admit that there were no mutual agreements between or among Harter and the Union that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

91. Admit that there were no arrangements between or among Harter and the Union that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

92. Admit that there were no understandings between or among Harter and the Union that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

93. Admit that there were no mutual agreements between or among Harter and the Plan that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

94. Admit that there were no arrangements between or among Harter and the Plan that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

95. Admit that there were no understandings between or among Harter and the Plan that Harter's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

96. Admit that Plaintiff suffered no damages that were caused by Harter.

97. Admit that the Union suffered no damages that were caused by Harter.

98. Admit that the Plan suffered no damages that were caused by Harter.

99. Admit that Harter did not know of any of the alleged breaches of fiduciary duties by any other Defendant.

100. Admit that the United States District Court for the Northern District of Illinois, Eastern Division, does not have jurisdiction over Plaintiff's claims against Harter in the Complaint.

### *Defendant ASO Company*

101. Admit that ASO Company was not a fiduciary of the Plaintiff.

102. Admit that ASO Company was not a fiduciary of the Union.

103. Admit that ASO Company was not a fiduciary of the Plan.

104. Admit that ASO Company was not named as a fiduciary of Plaintiff in any written instrument related to the Plan.

105. Admit that ASO Company was not named as a fiduciary of the Union in any written instrument related to the Plan.

106. Admit that ASO Company was not named as a fiduciary of the Plan in any written instrument related to the Plan.

107. Admit that ASO Company was not named as a fiduciary of Plaintiff in any written procedure related to the Plan.

108. Admit that ASO Company was not named as a fiduciary of the Union in any written procedure related to the Plan.

109. Admit that ASO Company was not named as a fiduciary of the Plan in any written procedure related to the Plan.

110. Admit that ASO Company did not have discretionary authority with respect to the management of the Plan.

111. Admit that ASO Company did not have discretionary authority with respect to the administration of the Plan.

112. Admit that ASO Company did not have discretionary control with respect to the management of the Plan.

113. Admit that ASO Company did not have discretionary control with respect to the administration of the Plan.

114. Admit that ASO Company did not exercise discretionary authority with respect to the management of the Plan.

115. Admit that ASO Company did not exercise discretionary authority with respect to the administration of the Plan.

116. Admit that ASO Company did not exercise discretionary control with respect to the management of the Plan.

117. Admit that ASO Company did not exercise discretionary control with respect to the administration of the Plan.

118. Admit that no actions were taken with respect to the Plan based primarily upon the recommendation or advice of ASO Company.

119. Admit that ASO Company did not control the disposition of any assets of the Plan.

120. Admit that ASO Company did not have the authority to dispose of any assets of the Plan.

121. Admit that ASO Company did not provide any investment advice related to the Plan.

122. Admit that Plaintiff did not provide ASO Company with any compensation in exchange for investment advice with respect to the Plan.

123. Admit that the Union did not provide ASO Company with any compensation in exchange for investment advice with respect to the Plan.

124. Admit that the Plan did not provide ASO Company with any compensation in exchange for investment advice with respect to the Plan.

125. Admit that ASO Company did not have any responsibility to render investment advice to Plaintiff.

126. Admit that ASO Company did not have any responsibility to render investment advice to the Union.

127. Admit that ASO Company did not have any responsibility to render investment advice to the Plan.

128. Admit that ASO Company did not render to Plaintiff any advice regarding the value of any securities of the Plan.

129. Admit that ASO Company did not render to Plaintiff any advice regarding the value of any property of the Plan.

130. Admit that ASO Company did not render to the Union any advice regarding the value of any securities of the Plan.

131. Admit that ASO Company did not render to the Union any advice regarding the value of any property of the Plan.

132. Admit that ASO Company did not render to the Plan any advice regarding the value of any securities of the Plan.

133. Admit that ASO Company did not render to the Plan any advice regarding the value of any property of the Plan.

134. Admit that ASO Company did not provide any recommendations to Plaintiff regarding the advisability of investing in securities.

135. Admit that ASO Company did not provide any recommendations to Plaintiff regarding the advisability of investing in property.