458.    Admit that Executive Fidelity did not have discretionary control with respect to selling securities for the Plan.

459.    Admit that Executive Fidelity did not have discretionary control with respect to selling property for the Plan.

460.    Admit that Executive Fidelity did not render investment advice to Plaintiff on a regular basis.

461.    Admit that Executive Fidelity did not provide investment advice to the Union on a regular basis.

462.    Admit that Executive Fidelity did not provide investment advice to the Plan on a regular basis.

463.    Admit that there was no agreement between Plaintiff and Executive Fidelity regarding Executive Fidelity rendering investment advice to Plaintiff.

464.    Admit that there was no agreement between Plaintiff and Executive Fidelity regarding Executive Fidelity rendering investment advice to the Union

465.    Admit that there was no agreement between Plaintiff and Executive Fidelity regarding Executive Fidelity rendering investment advice to the Plan.

466.    Admit that there was no agreement between the Union and Executive Fidelity regarding Executive Fidelity rendering investment advice to Plaintiff.

467.    Admit that there was no agreement between the Union and Executive Fidelity regarding Executive Fidelity rendering investment advice to the Union

468.    Admit that there was no agreement between the Union and Executive Fidelity regarding Executive Fidelity rendering investment advice to the Plan.

469.     Admit that there was no agreement between the Plan and Executive Fidelity regarding Executive Fidelity rendering investment advice to Plaintiff.

470.     Admit that there was no agreement between the Plan and Executive Fidelity regarding Executive Fidelity rendering investment advice to the Union

471.     Admit that there was no agreement between the Plan and Executive Fidelity regarding Executive Fidelity rendering investment advice to the Plan.

472.     Admit that Executive Fidelity did not render "individualized investment advice" -- as that term is used in 29 C.F.R. § 2510.3-21 -- to Plaintiff.

473.     Admit that Executive Fidelity did not render "individualized investment advice" -- as that term is used in 29 C.F.R. § 2510.3-21 -- to the Union.

474.     Admit that Executive Fidelity did not render "individualized investment advice" -- as that term is used in 29 C.F.R. § 2510.3-21 -- to the Plan.

475.     Admit that Executive Fidelity did not render any advice to Plaintiff regarding the Plan's investment policies.

476.     Admit that Executive Fidelity did not render any advice to the Union regarding the Plan's investment policies.

477.     Admit that Executive Fidelity did not render any advice to the Plan regarding the Plan's investment policies.

478.     Admit that Executive Fidelity did not render any advice to Plaintiff regarding the Plan's investment strategy.

479.     Admit that Executive Fidelity did not render any advice to the Union regarding the Plan's investment strategy.

480. Admit that Executive Fidelity did not render any advice to the Plan regarding the Plan's investment strategy.

481. Admit that Executive Fidelity did not render any advice to Plaintiff regarding the Plan's overall portfolio composition.

482. Admit that Executive Fidelity did not render any advice to the Union regarding the Plan's overall portfolio composition.

483. Admit that Executive Fidelity did not render any advice to the Plan regarding the Plan's overall portfolio composition.

484. Admit that Executive Fidelity did not render any advice to Plaintiff regarding the Plan's diversification of Plan investments.

485. Admit that Executive Fidelity did not render any advice to the Union regarding the Plan's diversification of Plan investments.

486. Admit that Executive Fidelity did not render any advice to the Plan regarding the Plan's diversification of Plan investments.

487. Admit that there were no mutual agreements between or among Executive Fidelity and Plaintiff that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

488. Admit that there were no arrangements between or among Executive Fidelity and Plaintiff that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

489.    Admit that there were no understandings between or among Executive Fidelity and Plaintiff that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

490.    Admit that there were no mutual agreements between or among Executive Fidelity and the Union that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

491.    Admit that there were no arrangements between or among Executive Fidelity and the Union that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

492.    Admit that there were no understandings between or among Executive Fidelity and the Union that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

493.    Admit that there were no mutual agreements between or among Executive Fidelity and the Plan that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

494.    Admit that there were no arrangements between or among Executive Fidelity and the Plan that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

495.    Admit that there were no understandings between or among Executive Fidelity and the Plan that Executive Fidelity's advice or recommendations would serve as the primary basis for investment decisions with respect to Plan assets.

496.    Admit that Plaintiff suffered no damages that were caused by Executive Fidelity.

49

497.    Admit that the Union suffered no damages that were caused by Executive Fidelity.

498.    Admit that the Plan suffered no damages that were caused by Executive Fidelity.

499.    Admit that Executive Fidelity did not know of any of the alleged breaches of fiduciary duties by any other Defendant.

500.    Admit that the United States District Court for the Northern District of Illinois, Eastern Division, does not have jurisdiction over Plaintiff's claims against Executive Fidelity in the Complaint.

ROBERT MONDO SR.

By: _____
One of His Attorneys

Stephen Novack
Karen L. Levine
Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731
Doc. #: 204566

## CERTIFICATE OF SERVICE

Richard G. Douglass, an attorney, hereby certifies that he served the foregoing *Defendant Robert Mondo Sr.'s First Set of Requests to Admit to Plaintiff, Limited to the Issue of Federal Jurisdiction* by causing a true and correct copy thereof to be delivered by messenger delivery to:

James W. Malloy
53 West Jackson Boulevard
Suite 1534
Chicago, Illinois 60604

Cynthia Louise Giachchetti
Law Office of Cynthia Giacchetti
53 West Jackson Boulevard
Suite 1460
Chicago, Illinois 60604

George B. Collins
Adrian M. Vukovich
Collines & Bargione
One North LaSalle Street
Suite 2235
Chicago, Illinois 60602

and by U.S. Mail, proper First Class postage pre-paid, to:

Donald Edward Cameron
Law Offices of Donald E. Cameron
139 Fulton Street, #903
New York, NY 10038

on this 29th day of January, 2008.

_____
Richard G. Douglass