IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, | ) ) ) | |
| Plaintiff, | ) | **ECF CASE** |
| | ) | |
| -against- | ) | Case No.: 07 C 6135 |
| | ) | |
| | ) | Judge John W. Darrah |
| JOHN E. HARTER, THE ASO COMPANY, | ) | |
| ROBERT MONDO SR., ROBERT MONDO JR., and | ) | Magistrate Judge |
| EXECUTIVE FIDELITY LTD, | ) | Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST'S
MOTION FOR REASSIGNMENT**

PLAINTIFF NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST

[hereinafter, "TRUST"], a health and welfare benefit trust, by its attorneys, DONALD E.

CAMERON and JAMES W. MALLOY, hereby moves pursuant to Northern District Local Rule

["LR"] 40.4 for reassignment of *St. Paul Guardian Insurance Company v. John E. Harter, The*

*ASO Company, Robert Mondo, Sr., Robert Mondo, Jr., Executive Fidelity Ltd. and National*

*Production Workers Union Insurance Trust*, Case No. 07 C 6932, USDC-NDIL (Kennelly, J.)

[hereinafter the "*ST. PAUL*" case] to the Honorable John W. Darrah on the following grounds:

      1. The TRUST, a defendant in the *ST. PAUL* case, is the plaintiff in the

underlying, earlier filed and lower-numbered case which is entitled *National Production Workers*

*Union Insurance Trust v. John E. Harter, The ASO Company, Robert Mondo Sr., Robert Mondo*

*Jr., and Executive Fidelity Ltd.*, Case No. 07 C 6135, USDC-NDIL (Darrah, J.) [hereinafter the

"*NPWUIT*" case]. The TRUST, as plaintiff, filed said underlying *NPWUIT* case on October 30,

2007.  The Hon. John W. Darrah has been assigned to said underlying case since October 20, 2007, the date the original complaint in the *NPWUIT* case was filed.  The TRUST is in the process of preparing an amended complaint in said underlying case.  *See* **copy of Plaintiff TRUST's complaint, dated October 22, 2007, which is attached as Exhibit "A" to both the original and amended complaints in the *ST. PAUL* case, submitted herewith as Exhibit "B".**

2.  On December 10, 2007, the *ST. PAUL* case was commenced by the filing of a complaint, seeking declaratory judgment, by ST. PAUL GUARDIAN INSURANCE COMPANY's ["ST. PAUL"], which names as defendants all of the parties in the underlying *NPWUIT* case. ST. PAUL, plaintiff in the *ST. PAUL* case, is not a party to the underlying *NPWUIT* case.  The Hon. Matthew F. Kennelly has been assigned to the later and higher-numbered *ST. PAUL* case since December 10, 2007, the date the original complaint in the *ST. PAUL* case was filed.

3.  On December 27, 2007, Plaintiff ST. PAUL filed an amended complaint in the *ST. PAUL* case.  *See* **copy of Plaintiff ST. PAUL's first amended complaint with three exhibits, submitted herewith as Exhibits "A" "B", "C", & "D", respectively.**  Plaintiff ST. PAUL's amended complaint contains the identical three exhibits as its original complaint.

4.  Discovery has not commenced in the *ST. PAUL* case. On March 26, 2008, the Hon. Matthew F. Kennelly set a discovery schedule in the *ST. PAUL* case.  *See* **copy of Judge Kennelly's March 26, 2008 Docket Entry in the *ST. PAUL* case, submitted herewith as Exhibit "E".**

5.  Two of the qualifying conditions of relatedness in LR 40.4 are met in that:

2

    a. The cases involve some of the same issues of fact or law or both; and

    b. The case grow out of the same transactions or occurrence.

6. Both cases are filed in the District Court for the Northern District of Illinois and handling of both cases by the same Judge is likely to result in a substantial saving of judicial time and effort.

7. Neither the *NPWUIT* case nor the *ST. PAUL* case has advanced to the point where designating the two cases as related and reassigning the later filed and higher-numbered *ST. PAUL* case to the Hon. John W. Darrah who is assigned to the underlying, earlier filed and earlier-numbered *NPWUIT* case would be likely to delay substantially the progress of either case, and both cases are susceptible of disposition in a single proceeding as shown below.

8. The points of commonality pursuant to the requirement of LR 40.4(c) follow below.

9. In the *ST. PAUL* case, Plaintiff ST. PAUL seeks declaratory judgment of no insurance coverage for the acts and omissions complained of in the *NPWUIT* case.

10. The issues of acts or omissions of defendant agents' advice and persuasion for the ERISA plan for NPWUIT to self-insure overlap, namely, whether ERISA violations and other alleged wrongs are covered "wrongful acts" insured by ST. PAUL.

11. ST. PAUL alleges that acts or omissions of conduct that are dishonest, fraudulent, criminal, malicious or deliberately wrongful are not covered *after* so proven, but are defended under the errors and omissions policy to that point.

12. ST. PAUL's named insured Defendants ROBERT MONDO JR. [hereinafter "MONDO JR."] and EXECUTIVE FIDELITY LTD. [hereinafter "EXECUTIVE FIDELITY"]

3

deny one by one in their answer to the first amended complaint for declaratory judgment in the *ST. PAUL* case, in paragraphs 13 through 19, the core of factual allegations that ST. PAUL sets forth in its recitation of allegations of the complaint in the underlying *NPWUIT* case, namely, ERISA violations regarding conduct that is dishonest, fraudulent, criminal, malicious or deliberately wrongful. ***See* copy of Defendants MONDO JR. and EXECUTIVE FIDELITY's answer to the first amended complaint for declaratory judgment in the *ST. PAUL* case, submitted herewith as Exhibit "F".**

13. Denials by MONDO JR. and EXECUTIVE FIDELITY would, unless the *ST. PAUL* and NPWUIT cases are deemed related by the Court and reassigned to the same Judge, give rise to the need for the wasteful duplication of proof on such issues in completely separate proceedings.

14. Defendant ROBERT MONDO SR. [hereinafter "MONDO SR."] also has made denials in paragraphs 13 through 19 of his answer to the first amended complaint for declaratory judgment in the *ST. PAUL* case. ***See* copy of Defendant MONDO SR.'s answer to the first amended complaint for declaratory judgment in the *ST. PAUL* case, submitted herewith as Exhibit "G".**

15. It is anticipated that the two remaining defendants common to both cases, Defendants JOHN E. HARTER and THE ASO COMPANY, will likewise raise issues of law arising from facts alleged in the underlying complaint in the *NPWUIT* case in common with those ST. PAUL relies upon as the basis for the several exclusions it raises to its coverage for indemnification and costs of defense of the named insureds.

16. The following Exhibits are submitted herewith:

4

A.   Plaintiff St. Paul Guardian Insurance Company's ["St Paul's"]
     First Amended Complaint

B.   Exhibit "A" of Plaintiff St. Paul's First Amended Complaint: Copy
     of Complaint in *National Production Workers Union Insurance
     Trust v. Harter et al.*, Case No. 07 C 6135, USDC-NDIL (Darrah,
     J.)

C.   Exhibit "B" of Plaintiff St. Paul's First Amended Complaint: Copy
     of Life and Health Insurance Agents and Brokers Professional
     Liability Insurance Policy No. 560JB4370 issued by St. Paul to
     Executive Fidelity Ltd. and The ASO Company

D:   Exhibit "C" of Plaintiff St. Paul's First Amended Complaint: Copy
     of St. Paul's Reservation of Rights Letter

E.   Judge Kennelly's March 26, 2008 Docket Entry, setting discovery
     schedule in the *St. Paul* case

F.   Defendants Robert Mondo Jr. and Executive Fidelity Ltd's Answer
     in the *St. Paul* case

G.   Defendant Robert Mondo Sr.'s Answer in the *St. Paul* case

H.   Defendant National Production Workers Union Insurance Trust's
     Answer in the *St. Paul* case

WHEREFORE, Plaintiff NATIONAL PRODUCTION WORKERS UNION

INSURANCE TRUST, by its attorneys DONALD E. CAMERON and JAMES W. MALLOY,

requests that this Court enter its finding that the *ST. PAUL* and *NPWUIT* cases are related and

that *St. Paul Guardian Insurance Company v. John E. Harter, The ASO Company, Robert*

*Mondo, Sr., Robert Mondo, Jr., Executive Fidelity Ltd. and National Production Workers Union*

*Insurance Trust*, Case No. 07 C 6932, USDC-NDIL (Kennelly, J.) be assigned to the calendar of

the Honorable John W. Darrah, and grant such other relief as this Court deems fit and proper.

Dated: March 31, 2008

                                        /s/James W. Malloy_____
                                        JAMES W. MALLOY
                                        Attorney for Plaintiff
                                        National Production Workers Union
                                        Insurance Trust

Donald E. Cameron
139 Fulton Street
Suite 903
New York, NY 10038
212-233-3348

James W. Malloy
53 West Jackson Blvd.
Suite1534
Chicago, IL 60604
312-427-1696

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on March 31, 2008, I served the within **Plaintiff National Production Workers Union Insurance Trust's Motion For Reassignment** by filing with the Court's CM/ECF system, which will make copies of the document available to all counsel of record.

/s/Judith E. Stein, Esq.

## SERVICE LIST

Stephen Novack
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
sn@novackandmacey.com

Karen L. Levine
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
klevine@novackandmacey.com

Monte L. Mann
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
mmann@novackandmacey.com

Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
rdouglass@novackandmacey.com

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Adrian M. Vuckovich
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Cynthia Louise Giacchetti
LAW OFFICES OF CYNTHIA GIACCHETTI
53 West Jackson Blvd., Suite 1460
Chicago, IL 60604
cgiacchett@aol.com