# EXHIBIT C

# TRAUB EGLIN LIEBERMAN STRAUS LLP
Attorneys at Law

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

Telephone (914) 347-2600
Facsimile (914) 347-8898

December 19, 2006

**VIA FACSIMILE AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Robert J. Mondo, Jr., Esq.
Executive Fidelity Ltd.
P.O. Box 72668
Roselle, IL 60172

| | | | |
|---|---|---|---|
| Re: | Named Insureds | : | *Executive Fidelity Ltd./The ASO Company, Inc./ Strategic Management Solutions, Inc.* |
| | Claimant | : | *National Production Workers Union Insurance Trust Fund* |
| | Policy No. | : | 560JB4370 |
| | Our File No. | : | 506.0200 |

Dear Mr. Mondo:

This firm represents St. Paul Guardian Insurance Company ("St. Paul") in connection with the above-referenced matter. St. Paul has completed its review of the claim materials submitted in connection with the above-referenced matter. This letter will explain the grounds which may limit, negate or otherwise affect coverage available to Executive Fidelity Ltd. ("EF") in connection with this matter. This letter will supplement and, if inconsistent therewith, supersede any prior correspondence forwarded by St. Paul to EF concerning this matter.

1. *Limits of Liability*

St. Paul has opened a file for this matter under policy number 560JB4370 (the "Policy") effective from November 12, 2005 to November 12, 2006. The Policy provides for a limit of liability of $1,000,000 per claim and $3,000,000 in the aggregate. The Policy also provides for a deductible of $10,000 per claim, applicable to damages and defense costs.

2. *Nature of Matter*

This matter involves a potential claim by National Production Workers Union Insurance Trust Fund Board of Trustees ("National Production") against EF. EF allegedly designed a self-funded medical program for the National Production Workers Union effective March 1, 2005. EF was the broker and secured reinsurance coverage with Standard Security Life Insurance Company of New York. On April 8, 2005, a group of approximately 500 people (the "CMA Group") was

**New Jersey Office**
Metroplex Corporate Center I ◊ 100 Metroplex Drive ◊ 2nd Fl. ◊ Edison, New Jersey 08817
Telephone (732) 985-1000 ◊ Facsimile (732) 985-2000

**Florida Office**
498 Palm Springs Drive ◊ Ste. 100 ◊ Altamonte Springs, Florida 32701
Telephone (407) 261-8926 ◊ Facsimile (407) 261-8927

Robert J. Mondo, Jr., Esq.
Our File No.: 506.0200
Page 2

allegedly added to the plan without any prior correct census, claims, carrier or rate data being provided to EF or Standard Security. While this group was not covered under the plan as of January 1, 2006, its tenure allegedly left National Production virtually bankrupt. It is alleged that EF should have warned National Production not to offer coverage to the CMA Group. It is also alleged that EF is to blame for National Production becoming self-funded.

3.  *Grounds for St. Paul's Reservation of Rights*

As stated above, the purpose of this letter is to explain the grounds which may limit, negate or otherwise affect the coverage provided to EF by St. Paul. The following will therefore discuss the specific coverage issues raised by this matter.

   A.  *Insuring Agreement and Definitions of Wrongful Acts*

The Insuring Agreement contained in the Policy provides as follows:

   **I. INSURING AGREEMENT**

   The Company shall pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages resulting from a CLAIM or CLAIMS first made against the INSURED during the POLICY PERIOD, and reported in writing to the Company during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT of an INSURED, but only if the INSURED, prior to the POLICY PERIOD, had no knowledge of such WRONGFUL ACT, and further provided that such WRONGFUL ACT occurs subsequent to the retroactive date, if any, stated in the Declarations.

The policy defines "Wrongful Act" as follows:

   **II. DEFINITIONS**

   \* \* \*

   WRONGFUL ACT means any such actual or alleged act, error or omission or breach of duty in the rendering of or failure to render such professional services as are customarily rendered by:

   (a) a life or accident/health insurance agent or broker, for others for monetary compensation;

Robert J. Mondo, Jr., Esq.
Our File No.: 506.0200
Page 3

    (b) a property/casualty insurance agent or broker for others for monetary compensation, provided, however, that a premium charge is indicated in the Declarations for this coverage and such premium has been paid; or

    (c) a notary public.

\* \* \*

Pursuant to the foregoing provisions, coverage is afforded to an "Insured" for a "Wrongful Act" which takes place in the rendering of or failure to render professional services as a life or accident/health insurance agent or broker. St. Paul, therefore, reserves the right to disclaim coverage to the extent that the factual allegations and causes of action asserted fall outside the scope of the Policy's Insuring Agreement and definition of "Wrongful Act."

    B.    *Exclusion 4*

Exclusion 4 contained in the Policy is implicated by this matter and states as follows:

### III. EXCLUSIONS

This Policy does not apply:

\* \* \*

4. to any CLAIM arising out of the rendering of or failing to render any services involving:

    (a) actuarial, accounting, legal or tax advice;
    (b) structured settlement annuities or viatical settlements;
    (c) promissory notes;
    (d) multiple employer welfare arrangements or multiple employer trusts, or any pension, welfare or other benefit plan, except those fully funded by insurance, reinsurance or any annuity(ies) issued by an insurance company which possessed an A.M. Best rating of "A-" or better at the time of placement;

This matter involves a self-funded medical program allegedly designed by EF. St. Paul, therefore, reserves the right to disclaim defense and indemnity coverage for this matter based on Exclusion 4 contained in the policy.

Robert J. Mondo, Jr., Esq.
Our File No.: 506.0200
Page 4

    C.    *Exclusions 1, 5, 6, 7, 11 and 15*

Exclusions 1, 5, 6, 7, 11 and 15 contained in the Policy are implicated by this matter, and state as follows:

> **III. EXCLUSIONS**
>
> This Policy does not apply:
>
> 1. to any judgment or final adjudication based upon or arising out of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by any INSURED, however, the Company will defend allegations of the foregoing acts or omissions until the time that the act or omission is factually proven;
>
>                   \*      \*      \*
>
> 5. to any CLAIM based upon, arising out of, due to or involving, directly or indirectly, the insolvency, receivership, bankruptcy, liquidation or financial inability to pay, of any insurance company in which the INSURED has placed or obtained any insurance or bond; however, this exclusion shall not apply to any CLAIMS arising from business placed with insurance companies which possessed an A.M. Best rating of "A-" or better at the time of placement;
>
> 6. to any CLAIM involving any commingling of funds or accounts, or for sums received by any INSURED or credited to any INSURED'S account, or for fees, premiums, taxes, commissions or brokerage monies;
>
> 7. to any CLAIM arising out of any pension, profit sharing, welfare plan or other employee benefit plan in which any INSURED, or any firm in which any INSURED has a financial interest, is a participant, named fiduciary, designated fiduciary, administrator, plan sponsor or trustee as those terms are used in the Employee Retirement Income Security Act of 1974 (ERISA) and the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), including any amendments, regulations or enabling statutes and any other similar federal, state, or provincial statute or regulation;

Robert J. Mondo, Jr., Esq.
Our File No.: 506.0200
Page 5

\*   \*   \*

11. to any CLAIM for nonpecuniary relief, or fines, penalties, or punitive, exemplary or multiplied damages; however, only where required by law, this policy shall cover, subject to all terms, conditions and exclusions contained in the policy, up to $5,000 in punitive, exemplary, or multiplied damages, as part of, and not in addition to, the Limits of Liability otherwise afforded by the policy;

\*   \*   \*

15. to any CLAIM arising out of written or oral warranties or guarantees as to the availability of funds, or specified rate of return and/or interest;

While St. Paul gives no credence to the potential claimant's allegations, to the extent that the allegations involve activities that fall within the ambit of the above exclusions, there would be no coverage for such claims. St. Paul reserves the right to disclaim defense and indemnity coverage on such basis.

4.   *Conclusion*

This letter, St. Paul's continuing investigation and any further activity taken in regard to this matter are subject to a full reservation of rights under the Policy and at law, including, but not limited to, the right to assert at any time that St. Paul has no duty to defend or indemnify the Insureds pursuant to any of the terms and provisions contained in the Policy or under any applicable principles of law. Should further developments indicate that there is no duty to defend or indemnify in connection with this matter, St. Paul specifically reserves the right to disclaim coverage.

St. Paul's reservation of rights as stated herein is continuing in nature. Nothing contained herein or previously communicated by or on behalf of St. Paul shall prejudice its ability to reserve rights or deny coverage based upon any other Policy provisions, applicable law or the results of further investigation of this matter. The steps which have been or may be taken by or on behalf of St. Paul to protect its interests are without prejudice to its rights under the terms and provisions of the Policy and at law. No act of any agent, servant or employee of St. Paul, including its attorneys, shall be deemed to constitute a waiver or estoppel with respect to such rights. It is also agreed that the Insureds reserves all of their rights under the Policy and at law as well.

Robert J. Mondo, Jr., Esq.
Our File No.: 506.0200
Page 6

      Please do not hesitate to contact us if you have any questions or comments concerning this matter.

                        Sincerely,

                        Lisa L. Shrewsberry

cc:    Jennifer L. Mansfield, Esq.