IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | **ECF CASE** |
| -against- | ) ) ) | Case No.: 07 C 6135 |
| | ) | Judge John W. Darrah |
| JOHN F. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR., and EXECUTIVE FIDELITY LTD, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

## AMENDED COMPLAINT and DEMAND FOR JURY TRIAL
## (ERISA)
## JURISDICTION

1. This action is brought pursuant to 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) of the Employment Retirement Income and Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* [ERISA], to redress violations of duties owed to Plaintiff by Defendants; including without limitation, for breaches of fiduciary duties relating to proper management, administration and investment under 29 U.S.C. §§ 1104, 1105 and 1109, and for breaches relating to transactions prohibited by 29 U.S.C. § 1106 and not exempted under 29 U.S.C. § 1108. Jurisdiction is invoked under 29 U.S.C. § 1132(e)(1). Plaintiff also invokes the supplemental jurisdiction of this Court. (28 U.S.C. § 1367).

2. Plaintiff demands jury trial on all issues and claims to which it is entitled to a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

1

## **VENUE**

3. Venue is properly laid within the Northern District of the State of Illinois as the Plaintiff's subject Plan was administered in said District and the acts or omissions complained of by the Plaintiff were committed by the Defendants or occurred within said District or Defendants reside or can be found in said District. (29 U.S.C. § 1132(e)(2)).

## **PARTIES**

4. Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST ("TRUST"), at all times material hereto, was and remains a non-profit trust formed and created for the benefit of members of the National Production Workers Union, and is administered in the Northern District of Illinois at 2210 Midwest Road, Oak Brook, Illinois.

5. Defendant JOHN F. HARTER ("HARTER"), at all times material hereto, was the President and indirect sole owner of Defendant THE ASO COMPANY ("ASO"), through his 100% ownership of Strategic Management Solutions, Inc., a corporation duly organized and existing under the laws of the State of Illinois, which was the 100% owner of ASO. ASO was a corporation duly organized and existing under the laws of the State of Illinois, which on information and belief was dissolved on September 20, 2006. Harter represented that ASO was qualified to be a third party administrator ("TPA") of self-insured funds. At all times material hereto, an Illinois statute was in force and effect providing for survival of civil remedies to or against a dissolving corporation for a period of five years. 805 ILCS 5/12.80.

6. Defendant ROBERT MONDO SR. ("MONDO SR."), an individual and the father of ROBERT MONDO JR. ("MONDO JR."), at all times material hereto, was a consultant and advisor to Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE

TRUST, and represented to Plaintiff that he was qualified to advise it on benefit plan administration and insurance matters. MONDO SR. originally was a union member. By 1983 he became the TRUST manager and resigned in 1994. He was a long time consultant and advisor to the TRUST, and was held in high esteem for his integrity, intelligence, advice and counsel on investment and insurance matters through all times material hereto. For the TRUST, MONDO SR. inquired into health self insurance, third party administrators ("TPA's"), managed care including health maintenance organizations ("HMO's") and preferred provider organizations ("PPO's"), and methods of premium rate development for each. He routinely attended quarterly and special meetings of the TRUST and was long a permanent attendee at Board of Trustees meetings in his individual capacity and later including as representative of Defendant EXECUTIVE FIDELITY, LTD. At all times material hereto, MONDO SR. solely owned or controlled Volite Ltd., an Illinois limited liability company with offices at 17 Tower Rd, Oak Brook, Illinois, 60523. On information and belief, Volite Ltd. received compensation payments attributable to MONDO SR's participation in transactions between MONDO JR, EXECUTIVE FIDELITY and ASO on the one hand and the TRUST on the other.

    7. Defendant ROBERT MONDO JR. ("MONDO JR."), an individual and the son of Defendant MONDO SR., at all times material hereto, was and remains the sole owner of Defendant EXECUTIVE FIDELITY LTD ("EXECUTIVE FIDELITY"), a corporation duly organized and existing under the laws of the State of Illinois. At all times material hereto, Defendants MONDO JR. and EXECUTIVE FIDELITY were insurance brokers, and Defendant MONDO JR. was an attorney licensed in the State of Illinois. EXECUTIVE FIDELITY, at all times material hereto, described itself as a health care and actuarial consultant and participated in

commissions as an insurance broker. EXECUTIVE FIDELITY was represented by MONDO SR. in dealing with the TRUST. EXECUTIVE FIDELITY's offices were and remain in Roselle, Illinois. MONDO JR. participated with MONDO SR. and EXECUTIVE FIDELITY in advising the Trust regarding self insurance, its use of discounts, preferred health care provider organizations ("PPO's"), and the suitability of engaging Defendant ASO as a TPA. MONDO JR. attended Board meetings from time to time, accompanying MONDO SR. and representing EXECUTIVE FIDELITY. At MONDO SR.'s invitation, MONDO JR. during a January 18, 2005 Board of Trustees meeting advised that the Trust become self-insured and that the TRUST select as TPA Defendant ASO. Unbeknownst to Plaintiff TRUST, MONDO JR. was a high salaried employee of ASO. Following the TRUST's conversion to self insurance and ASO's becoming its TPA, on or about March 1, 2005, MONDO JR. caused payments to be made by EXECUTIVE FIDELITY to MONDO SR's wholly-owned company, Volite, Ltd. MONDO JR. falsely represented himself to one or more PPO's as Plaintiff TRUST's chief counsel.

8. Each of the named Defendants is a fiduciary within the meaning of the ERISA statute under the facts herein alleged. Further, each of the named Defendants is a party in interest within the meaning of the ERISA statute under the facts herein alleged.

## FACTS UPON WHICH RELIEF IS CLAIMED

9. Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST operates an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1), established and maintained for the purpose of providing insurance and related benefits to eligible participants and beneficiaries.

10. Defendant MONDO SR. has acted since prior to 1998 through 2006 as an

advisor and consultant to Plaintiff and its trustees, and Plaintiff has relied upon his advice and his expertise, and Defendant MONDO SR. at all times material hereto has been aware that Plaintiff has acted upon his advice and expertise.

11. Prior to 2005, Defendant MONDO SR. had introduced his son Defendant MONDO JR. and MONDO JR.'s company Defendant EXECUTIVE FIDELITY to Plaintiff's trustees, and represented to Plaintiff that Defendants MONDO JR. and EXECUTIVE FIDELITY were knowledgeable, honest and experts in the fields of insurance, specifically organization benefit plans such as the type provided by Plaintiff to its members, and would be suited to advise Plaintiff on matters concerning the administration of its medical benefit plan.

12. In 2005, Defendants MONDO SR., MONDO JR., and EXECUTIVE FIDELITY recommended to Plaintiff that it would be in Plaintiff's best interest to cease to provide participants' PPO and HMO medical benefits through the purchase of insurance and to instead become self-insured to provide participants' medical benefits, and recommended that Plaintiff engage Defendants HARTER and ASO to administer Plaintiff's beneficiaries' claims that would be filed with Plaintiff under the newly-implemented self-insured plan.

13. Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER, and ASO falsely represented that Defendants HARTER and ASO had the ability and integrity to administer Plaintiff's benefit plan, and that Plaintiff's retention of HARTER and ASO would be a sound business and economic move that would inure to the financial benefit of Plaintiff.

14. Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER, and ASO fraudulently represented that there was no relationship between Defendant

5

MONDO JR. and Defendants HARTER and ASO, intentionally and willfully concealing that MONDO JR. was a salaried employee of ASO.

15. Plaintiff relied upon MONDO JR.'s expertise as an attorney and as an insurance agent, as well as on his representation that he had no relationship with HARTER and ASO, in accepting MONDO JR.'s recommendation that Plaintiff become self-insured and in Plaintiff's engaging ASO and HARTER to administer the payment of claims pursuant to Plaintiff's becoming self-insured.

16. Had Plaintiff been made aware of Defendant MONDO JR.'s concealed employment relationship with Defendants HARTER and ASO, Plaintiff would not have retained Defendants HARTER and ASO to administer its claims, nor would it have followed MONDO JR.'s and MONDO SR.'s specific recommendation that it become self-insured via the implementation of Defendants' plan.

17. In recommending that it would be in Plaintiff's economic interest for Plaintiff to convert to a self-insured plan, and that it would also be in Plaintiff's economic interest to retain Defendants ASO and HARTER to administer it, Defendants MONDO JR. and EXECUTIVE FIDELITY voluntarily assumed a fiduciary duty to Plaintiff. In contracting with Plaintiff to administer claims, Defendants ASO and HARTER assumed a contractual as well as a fiduciary duty to Plaintiff to ensure claims against Plaintiff's fund were paid according to the plan's terms, and that said claims were not overpaid or otherwise paid improperly contrary to said plan's terms, to the detriment of Plaintiff and Plaintiff's beneficiaries.

18. Prior to and at the time Plaintiff decided to accept Defendants MONDO SR., MONDO JR., ASO and HARTER'S recommendation to convert to a self-insured plan,

Defendant MONDO JR. specifically denied that he was receiving any financial remuneration from ASO or HARTER.

19. In or about the first quarter of 2005, Plaintiff entered into an agreement with Defendants ASO and Harter whereby Plaintiff adopted a self-insured plan with Defendants ASO and HARTER administering said plan. Under the terms of the agreement Defendants ASO and HARTER were obligated to promptly notify Plaintiff of, *inter alia*, any extraordinary depletion of Plaintiff's funds, which they subsequently failed to do.

20. In or about December of 2005, Plaintiff learned that Defendant MONDO JR. was a salaried employee of Defendant ASO and that MONDO JR. had a self-interest in his recommendation of not only Plaintiff's conversion to a self-insured plan but in his recommendation of ASO as said plan's administrator. Due to Defendants' fraudulent concealment it was not until approximately December of 2005 or January of 2006 that Plaintiff learned that MONDO JR.'s advice and counsel to Plaintiff was tainted by the financial remuneration he was receiving from Defendants HARTER and ASO.

21. Defendants fraudulently concealed from Plaintiff and its trustees information regarding the relationships among the Defendants for the purpose of deceiving Plaintiff and its trustees into believing that MONDO SR.'s, MONDO JR.'s, and EXECUTIVE FIDELITY's recommendations that Plaintiff become self-insured and retain HARTER and ASO were objective evaluations of the merit of said proposals when Defendants knew or should have known that the self-insurance plan proposed by Defendants would be more costly and of less benefit to Plaintiff than its previous coverage, and thereby obtained a significant financial benefit to themselves at the expense of Plaintiff and its beneficiaries. Defendants MONDO SR.,

MONDO JR., EXECUTIVE FIDELITY, ASO and HARTER structured the specific self-insured arrangement it implemented for Plaintiff in order that they would be unreasonably compensated by Plaintiff for their services, and thus Defendants were unjustly enriched at Plaintiff's expense by their failure to disclose their relationship and to objectively advise Plaintiff.

22. Defendants MONDO JR. and EXECUTIVE FIDELITY financially benefitted to the detriment of Plaintiff and Plaintiff's beneficiaries by virtue of Plaintiff's retention of HARTER and ASO as plan administrators by Plaintiff.

23. Due to Defendants' fraudulent concealment, it was not until March of 2006 when Plaintiff first learned that as a result of Defendant HARTER and ASO's maladministration of its plan that the plan had suffered significant losses, and that Defendants HARTER, ASO, and MONDO JR. had caused the unwarranted depletion of Plaintiff's funds by either intentionally or negligently improperly paying claims that either should have been denied or should have been paid at a lesser amount, all without the knowledge or permission of Plaintiff and its trustees. Furthermore, Defendants ASO, HARTER, and MONDO JR. failed to inform Plaintiff regarding the exorbitant amount of money Defendants were paying in claims, although they were legally and contractually obligated to so inform Plaintiff. Thus, Plaintiff was unable to either drop certain insureds, revert to a paid insurance plan, or otherwise take steps to alleviate the financial "bleeding" it was unknowingly suffering. Due to Defendants' fraudulent concealment, it was not until in or around March of 2006 when Plaintiff first learned that Defendants HARTER, ASO and MONDO JR. had failed to monitor the resulting serious and unwarranted depletion of Plaintiff's funds, and to take or recommend any course of action that would have arrested said depletion of Plaintiff's funds. Defendants intentionally concealed this information from Plaintiff

as its disclosure would interfere with Defendants' own financial gains under this scheme. As a result of Defendants HARTER's, ASO's and MONDO JR.'s maladministration of Plaintiff's benefit plan, Plaintiff has been damaged in an amount in excess of $1,000,000.00.

24. Due to Defendant's fraudulent concealment, it was not until in or around March of 2006 when Plaintiff first learned Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY also had failed to fulfill their duty to provide contractually required information to Tru Services, LLC, ("Tru Services"), the reinsurer for Plaintiff's benefit plan. Plaintiff discovered that Tru Services repeatedly requested information from Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY regarding the addition of new groups to Plaintiff's benefit plan so that Tru Services could assess the risk and underwrite said groups, and that Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY failed to provide said information to Tru Services. Thus, Tru Services refused to indemnify Plaintiff for the excess amounts of large benefit claims from these new groups, and this caused Plaintiff to incur unindemnified losses of over $1,000,000.00. As a result of Defendants ASO, HARTER MONDO JR. and EXECUTIVE FIDELITY's failure to provide information to the Tru Services, and the resulting disclaimer of coverage by the reinsurer, Plaintiff has been damaged in excess of $1,000,000.00.

25. Defendants HARTER and ASO were not qualified or otherwise competent to administer Plaintiff's benefit plan, and should not have obtained any compensation from Plaintiff for administering said plan. Defendant MONDO JR. benefitted from his concealed relationship with Defendants HARTER and ASO, and participated in the fees they received from Plaintiff either through salary or commissions. Additionally, Defendant MONDO SR. received

commissions from Defendants EXECUTIVE FIDELITY and MONDO JR. as a result of his having helped "steer" Plaintiff towards ASO and HARTER. Defendants MONDO JR., EXECUTIVE FIDELITY, MONDO SR., HARTER and ASO have unreasonably compensated themselves as a result of their scheme to install Defendants ASO and HARTER as plan administrator in an amount in excess of $350,000.00.

## COUNT I

### (BREACH OF FIDUCIARY DUTY)

26. Plaintiff restates and realleges paragraphs 1 - 25 *in haec verba.*

27. At all times material Defendant MONDO SR. had long served Plaintiff TRUST as a permanent fixture at Board of Trustees meetings as a consultant and advisor on investment and insurance matters and was highly esteemed for his integrity, intelligence, energy and experience.

28. At all times material MONDO SR. had the fiduciary duty of performing pursuant to the prudent man rule in like circumstances.

29. In 2004, MONDO SR. made the pretense of surveying and evaluating insurers by requests for proposals of any available insurance more competitive than the rate increase renewal proposal of the TRUST's then insurer, Unicare, but gave none to the TRUST despite the approaching renewal deadline.

30. MONDO JR. appeared on behalf of EXECUTIVE FIDELITY at the Board's January 18, 2005 meeting. MONDO JR.'s presentation advocating the abandonment of third-party Unicare's health insurance and the adoption of self-insurance with its inherent risk to the TRUST's assets was given all the respect and deference afforded the advice and counsel of

MONDO SR. and was accordingly adopted.

31. On information and belief, MONDO SR. was compensated by EXECUTIVE FIDELITY payments to MONDO SR's wholly-owned corporation, Volite, Ltd.

32. MONDO SR. intended to exercise and, in fact, did exercise authority and control over TRUST assets and disposal by advocating the implementation of MONDO JR's proposal, whereby as a result of MONDO SR.'S advocacy it was adopted whole by the TRUST's Board of Trustees.

33. MONDO SR. intended to be, and in fact was, a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A). MONDO SR. exercised authority and/or control respecting management and/or disposition of TRUST assets. He caused the TRUST's abandonment of third-party insurance and its adoption of MONDO JR.'s selection of ASO as TPA, which scheme improperly and unnecessarily placed the TRUST's assets at great risk due to ASO's gross performance shortfall in the administration of claims against the TRUST and its financial obligations to Plaintiff TRUST. MONDO SR. so acted for the purposes of personal gain and the enabling and concealment of his son MONDO JR's salary from ASO. By Defendants' said acts and omissions, the TRUST's funds were wrongfully depleted to a great degree.

34. By virtue of the great weight accorded his opinion by the members of Plaintiff's Board, MONDO SR. exercised what amounted to managerial discretion in furthering, through his son MONDO JR., the disposal of TRUST assets.

35. MONDO SR. thereby breached his fiduciary duty to the TRUST within the meaning of 29 U.S.C. § 1104 in that he failed to discharge his duty with respect to the TRUST to act solely in the interest of the TRUST's Participants and Beneficiaries by defraying the

TRUST's reasonable expenses. For instance, ASO paid no or no significant number of claims for five to six months from ASO's March 1, 2005 start-up date, and the accruing monthly per member rate, coupled with ASO's deferring claim handling expenses, masked the true financial picture of the fund in order to support MONDO JR's high ASO salary.

36. MONDO SR breached his fiduciary duty to the TRUST within the meaning of 29 U.S.C. §§1105(a)(1) and 1105(a)(2) by the concealment and enabling of MONDO JR's wrongful acts and omissions as described herein.

37. ASO was a fiduciary by reason of the exercise of discretionary actions in its distribution of millions of dollars in thousands of claims payments on behalf of the TRUST, as well as its subcontracting of claims check processing that it concealed from the TRUST.

38. ASO was required by 29 U.S.C. § 1104 to perform its duties solely in the interests of TRUST Participants and Beneficiaries and failed to do so. For one instance, ASO failed to meet its obligation to maintain reasonable expenses with respect to the administration of TRUST assets with the care and skill of a prudent person in like circumstances in failing for months to administer claims and secretly subcontracting claims' payouts. ASO further breached its fiduciary duty of prudence in permitting stop loss reinsurance to become worthless for failure to timely provide the reinsurer carrier, Tru Services, with key enrollment data.

39. ASO knowingly failed and refused, despite numerous demands by the TRUST to provide meaningful current financial information; failed, despite having claimed great actuarial skills, to project near term financial expectations for Collective Bargaining Agreements negotiation to finance the TRUST's ongoing financing of health coverage for its Participants; and continues to withhold financial information and data which would enable the TRUST to