determine its rights and obligations.

40. The claims account administered by ASO constituted a joint account periodically funded by the TRUST through which flowed payments to providers of health care to the TRUST's Participants and Beneficiaries.

41. The TRUST has and is negotiating with providers demanding full payment without discount, due to ASO's loss of discount by its unreasonable delay in claims processing and payment. However, in those many instances where Participants were compelled to directly pay Providers their demanded undiscounted rate in order to prevent or remove their accounts from collection, the TRUST was and is obligated to reimburse Participants the full rate they paid.

42. On information and belief ASO from and after the TRUST's discovery of its five to six month delay ignored criteria for numerous claims denials and limitations and instead overpaid providers, further wrongfully depleting TRUST assets.

43. By reason of ASO failure and refusal timely to furnish current, periodic reports and ending financial position there is not adequate accounting of the claims account and whereby equitable restitution is required.

44. The TRUST has no adequate remedy at law.

WHEREFORE, Plaintiff prays this Court:

    a.      Enter an Order compelling an accounting of the claims account in equity;

    b.      Requiring equitable tracing of funds with respect to the claims account; and,

    c.      Such further equitable relief as the Court deems just.

## **COUNT II**

(PROHIBITED TRANSACTIONS)

45. Plaintiff restates and realleges paragraphs 1 - 44 *in haec verba.*

46. MONDO JR's representation that ASO was experienced in administering self-insured plans similar to the TRUST's was false, and MONDO. JR knew it was false, and MONDO JR. made said statement for the purpose of misleading the TRUST into retaining ASO, and the TRUST was so misled to its detriment.

47. For five to six months after March 15, 2005, ASO did not have the expenses of claims processing, including personnel, attributable to the TRUST's self-insured claims since no claims were processed during that period.

48. As a result of ASO's inexperience and/or long-delayed claims processing, the monthly per member $35.50 administrative fees accrued to ASO's benefit, unburdened by any substantial expense to it, whereby the resulting ongoing cash flow financed and was intended to finance MONDO JR's exorbitant ASO salary, the compensation of HARTER, and the indirect remuneration of MONDO SR.

49. MONDO JR. concealed his financial relationship with ASO from the TRUST, and falsely denied it to the TRUST upon the TRUST's inquiry.

50. MONDO JR. provided services to the TRUST whereby he was a "party in interest" within the meaning of 29 U.S.C. § 1002(14)(B); and further, by virtue of being a lineal descendent of MONDO SR. 29 U.S.C. §§ 1002(14)(F) and 1002(15). Likewise, MONDO SR. is a "party in interest" by virtue of being an ancestor of MONDO JR. 29 U.S.C. §§ 1002(14)(F) and 1002(15).

51. Each of MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER, and ASO were "parties in interest" with each other as fiduciaries under 29 U.S.C. § 1002(14)(B).

52. The various Defendants are "parties in interest" under 29 U.S.C. §§ 1002(14)(G)(H) and/or (I) as well.

53. MONDO SR. was in violation of 29 U.S.C. § 1106(a)(1)(D) ("Prohibited Transactions") in that he caused the TRUST to engage in transactions which he knew or should have known constituted an improper direct or indirect "transfer to, or use by or for the benefit of a party in interest, of . . . assets of the plan."

54. As fiduciaries, MONDO SR. and MONDO JR. engaged in transactions prohibited by 29 U.S.C. § 1106 and not exempted by 29 U.S.C. § 1108 in that they represented and promoted each other in their self-interested transactions which were adverse to the interests of the TRUST and its Participants and Beneficiaries, and such transactions are forbidden to fiduciaries.

55. MONDO JR. knew that he was participating in a transaction prohibited by 29 U.S.C. § 1106.

56. Each of the Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER and ASO as a party in interest engaged in prohibited transactions with the TRUST on behalf of one another, and their interests were adverse to the interests of the TRUST and its Participants and Beneficiaries.

57. As a fiduciary MONDO SR. also engaged in transactions prohibited by 29 U.S.C. § 1106 and not exempted by 29 U.S.C. § 1108 in receiving compensation from MONDO JR's EXECUTIVE FIDELITY via MONDO SR's company Volite Ltd. 29 U.S.C. § 1106(b)(3).

15

58. HARTER and ASO agreed, *inter alia*, to provide Plaintiff with timely health claims processing, weekly clearance of claims payments before issuance of claims checks, reporting of outstanding claims along with projection of future needs based upon their experience.

59. The TRUST has no adequate remedy at law to enable it to account for the claims account through which ASO spent in excess of $8,000,000.00 on thousands of claims eventually paid on behalf of Participants.

60. The account thereof between the TRUST and ASO by reason of its chaotic claims administration and payments are of such a complicated nature that only a court of equity can unravel it.

WHEREFORE, Plaintiff prays this Court enter an Order to enable the TRUST to determine its financial position to conclude its obligations with its Health Care Providers:

    a. Imposing a constructive trust in favor of the Plaintiff on the funds unlawfully taken by Defendants;

    b. Compelling of an accounting of the claims account by ASO;

    c. Requiring equitable tracing of funds with respect to the claims account;

    d. Order disgorgement of Defendants' profits so demonstrated; and

    e. Such further equitable relief as the Court deems just.

## COUNT III

(INVESTMENT ADVICE)

61. Plaintiff restates and realleges paragraphs 1 - 60 *in haec verba*.

62. MONDO SR. advised and, along with MONDO JR., brought about the TRUST's elimination of third-party insured health insurance and sound investment resulting in the plan's assets no longer being comprised of an $8,000,000.00 reserve with monthly employer contributions, and on information and belief MONDO SR. was improperly compensated by MONDO JR. therefor.

63. MONDO SR. rendered investment advice to the TRUST within the meaning of 29 U.S.C. § 1002(21)(A)(ii) and 29 CFR § 2510.3-21(c). MONDO SR. advised the TRUST as to the value of property and made recommendations as to the advisability of investing in property on a regular basis. MONDO SR's services served as a primary basis for the TRUST's investment decisions with respect to plan assets. MONDO SR's rendered individualized investment advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition, or diversification of plan investments.

WHEREFORE, Plaintiff prays this Court enter orders:

    a.    Directing the Defendants, and each of them, to provide the TRUST with an accounting;

    b.    Directing the Defendants, and each of them, to disgorge their profits in favor of the TRUST; and,

    c.    Such further equitable relief as the Court deems just.

## COUNT IV

(BREACH OF FIDUCIARY DUTY)

64. Plaintiff restates and realleges paragraphs 1 - 64 *in haec verba*.

65. Defendants MONDO SR., HARTER, and ASO have breached their fiduciary duties with regard to Plaintiff NATIONAL PRODUCTION WORKERS INSURANCE TRUST by failing to disclose to Plaintiff that Defendant MONDO SR.'s son, Defendant MONDO JR., was a paid employee of Defendants HARTER and ASO, and by recommending that Plaintiff convert to being self-insured for the purpose of benefitting Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER and ASO at the expense of the financial stability of Plaintiff's funds. Defendants MONDO SR., HARTER, and ASO concealed said information for the purpose of benefitting themselves financially at the expense of Plaintiff and in breach of their fiduciary relationship to Plaintiff, and Defendant MONDO SR. concealed said information for the purpose of benefitting himself and his son Defendant MONDO JR., all to the detriment of Plaintiff.

66. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

67. By each Defendant's failure to comply with his or its own fiduciary obligations under 29 U.S.C. § 1104(a)(1), he or it has enabled a co-fiduciary to breach his or its fiduciary duty.

68. Each Defendant, having knowledge of the fiduciary breaches of co-fiduciaries, made no reasonable efforts under the circumstances to remedy the breach.

WHEREFORE, Plaintiff prays this Court:

    a.    Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

    b.    Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

    c.    Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

    d.    Plaintiff demands trial by jury of all issues herein.

    e.    Grant such other relief that law and justice requires.

## COUNT V

(BREACH OF FIDUCIARY DUTY)

69. Plaintiff restates and realleges paragraphs 1 - 68 *in haec verba.*

70. Defendants MONDO JR., HARTER, and ASO have breached their fiduciary duties with regard to Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST by failing to properly administer the claims process and monitor the number of claims Defendants paid, and by fraudulently concealing the mispayment of claims and the depletion of Plaintiff's funds from Plaintiff. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

    WHEREFORE, Plaintiff prays this Court:

19

    a.    Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

    b.    Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

    c.    Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

    d.    Plaintiff demands trial by jury of all issues herein.

    e.    Grant such other relief that law and justice requires.

## COUNT VI

(FRAUD -

SUPPLEMENTAL CLAIM)

71. Plaintiff restates and realleges paragraphs 1 - 71 *in haec verba*.

72. The herein-described conduct constitutes fraud on the part of each of the Defendants.

73. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

    a.    Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

    b.    Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

    c.    Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

    d.    Plaintiff demands trial by jury of all issues herein.

    e.    Grant such other relief that law and justice requires.

## COUNT VII

(BREACH OF CONTRACT -

SUPPLEMENTAL CLAIM)

74. Plaintiff restates and realleges paragraphs 1 - 74 *in haec verba.*

75. By virtue of the within, Defendants HARTER and ASO have breached their agreement to properly administer claims made by Plaintiff's beneficiaries and to notify Plaintiff of any extraordinary depletion of Plaintiff's funds.

WHEREFORE, Plaintiff prays this Court:

    a.    Enter judgment for Plaintiff against Defendants HARTER and ASO, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

  b.  Enter judgment for Plaintiff against Defendants HARTER and ASO, jointly and severally, for fees and costs of this action.

  c.  Plaintiff demands trial by jury of all issues herein.

  d.  Grant such other relief that law and justice requires.

## COUNT VIII

### (NEGLIGENCE - SUPPLEMENTAL CLAIM)

76. Plaintiff restates and realleges paragraphs 1 - 76 *in haec verba.*

77. Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER and ASO have negligently performed their fiduciary and contractual duties with regard to Plaintiff, as more fully described herein.

78. The acts, conduct and behavior of said Defendants, and each of them, were unreasonable and did not meet any accepted minimal professional standards.

WHEREFORE, Plaintiff prays this Court:

  a.  Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

  b.  Enter judgment for Plaintiff against each of the Defendants, jointly and severally, for fees and costs of this action.

  c.  Plaintiff demands trial by jury of all issues herein.

  d.  Grant such other relief that law and justice requires.

## COUNT IX

(MALPRACTICE -

SUPPLEMENTAL CLAIM)

79. Plaintiff restates and realleges paragraphs 1 - 78 *in haec verba.*

80. Defendants MONDO JR. and EXECUTIVE FIDELITY have committed malpractice under ILCS §§ 5/13-214.4 and 5/13-215 in their capacities as insurance brokers in that they fraudulently concealed the herein cause of action from Plaintiff TRUST; they failed to exercise a reasonable standard of care in their conduct with regard to Plaintiff; and they assisted Defendants HARTER and ASO in breaching their fiduciary duties toward Plaintiff in the manner more fully described herein.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against Defendants MONDO JR. and EXECUTIVE FIDELITY, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against Defendants MONDO JR. and EXECUTIVE FIDELITY, jointly and severally, for fees and costs of this action.

c. Plaintiff demands trial by jury of all issues herein.

d. Grant such other relief that law and justice requires.

**COUNT X**

(MALPRACTICE -

SUPPLEMENTAL CLAIM)

81. Plaintiff restates and realleges paragraphs 1 - 80 *in haec verba.*

23

82. Defendant MONDO JR. has committed malpractice under ILCS §§ 5/13-214.3 and 5/13-215 in his capacity as attorney in that he fraudulently concealed the herein cause of action from Plaintiff TRUST; he failed to exercise a reasonable standard of care in his conduct with regard to Plaintiff; and he assisted Defendants HARTER and ASO in breaching their fiduciary duties toward Plaintiff in the manner more fully described herein.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff against Defendant MONDO, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against Defendant MONDO, jointly and severally, for fees and costs of this action.

c. Plaintiff demands trial by jury of all issues herein.

d. Grant such other relief that law and justice requires.

**JURY TRIAL DEMANDED**

Dated: April 18, 2008

            S/ Donald E. Cameron
            DONALD E. CAMERON
            LAW OFFICES OF DONALD E. CAMERON
            Attorney for Plaintiff
            139 Fulton Street, Suite 903
            New York, New York 10038
            (212) 233-3348

            S/ James W. Malloy
            JAMES W. MALLOY
            Attorney for Plaintiff
            53 West Jackson Blvd.

Suite 1534
Chicago, IL 60604
(312) 427-1696

Suite 1534
Chicago, IL 60604
(312) 427-1696

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, certify that on April 18, 2008, I served the within **"Amended Complaint and Demand for Jury Trial"** by filing with the Court's CM/ECF system, which will make copies of the document available to all counsel of record.

                                                /s/Judith E. Stein, Esq.

## SERVICE LIST

Stephen Novack
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
sn@novackandmacey.com

Karen L. Levine
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
klevine@novackandmacey.com

Monte L. Mann
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
mmann@novackandmacey.com

Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
rdouglass@novackandmacey.com

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Adrian M. Vuckovich

COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Cynthia Louise Giacchetti
LAW OFFICES OF CYNTHIA GIACCHETTI
53 West Jackson Blvd., Suite 1460
Chicago, IL 60604
cgiacchett@aol.com