IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, ) ) ) | |
| Plaintiff, ) ) | Case No. 07 C 6135 |
| -vs- ) ) | Judge John W. Darrah |
| JOHN F. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR., and EXECUTIVE FIDELITY LTD, ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. ) | |

**DEFENDANTS ROBERT MONDO JR. AND
EXECUTIVE FIDELITY LTD.'S MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Robert Mondo Jr. and Executive Fidelity Ltd., by George B. Collins of Collins, Bargione & Vuckovich, pursuant to Federal Rule of Civil Procedure 12(b)(1), submit this Memorandum in support of their Motion to Dismiss Plaintiff's Amended Complaint for lack of Subject Matter Jurisdiction. Specifically, the Court lacks subject matter jurisdiction over this suit pursuant to the Employment Retirement Income Security Act ("ERISA") because plaintiff is not a proper party to bring such a claim under the statute, and lacks standing to pursue this action.[1]

**I.     INTRODUCTION**

Plaintiff brought this action pursuant 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.*

---

[1] The Court also lacks subject matter jurisdiction to entertain Plaintiff's ERISA action because Defendants were not ERISA fiduciaries. However, that issue is not amenable to resolution in a motion pursuant to Rule 12. Accordingly, if this Rule 12 motion is denied, Defendants reserve their right to raise lack of subject matter jurisdiction as a defense in their answers, and to request that the Court resolve the issue of fiduciary duty by way of a motion pursuant to Rule 56.

("ERISA" or the "Act") alleging violations of duties allegedly owed to Plaintiff by the Defendants. Plaintiff's Amended Complaint includes claims under ERISA for alleged breaches of fiduciary duties under §§ 1104, 1105, 1106 and 1109 of the Act, as well as supplemental claims. Plaintiff invokes subject matter jurisdiction under 29 U.S.C. § 1132(e)(1) of the Act for the claims allegedly arising under ERISA, and supplemental jurisdiction under 28 U.S.C. § 1367 for its pendent state-law claims.

## II. ARGUMENT

### A. The Court is Without Subject Matter Jurisdiction To Entertain Plaintiff's ERISA Claims

This Court is without subject matter jurisdiction to entertain Plaintiff's claims brought pursuant to 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) of the Act. It is well established that the district courts are courts of limited jurisdiction. See Amalgamated Industrial Union Local 44-A Health and Welfare Fund v. Webb, 562 F. Supp. 185, 187 (N.D. Ill. 1983). The district courts can not infer a grant of jurisdiction absent a clear legislative mandate. Id.

In this case, Plaintiff invokes jurisdiction pursuant to 29 U.S.C. § 1132(e)(1). Section 1132(e)(1) of the Act provides that "...the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in Section 1021(f)(1) of this title." 29 U.S.C. § 1132(e)(1).

The Seventh Circuit Court of Appeals has interpreted § 1132(e)(1) of the Act to be an exclusive grant of subject matter jurisdiction under ERISA. See Giardono v. Jones, 867 F.2d 409, 413 (7th Cir. 1989). In Giardono, the Seventh Circuit held that the district court was without subject matter jurisdiction to entertain a counterclaim brought by an employer against the trustees of an employee benefit plan for breach of fiduciary duties under ERISA because the

employer was not a party specifically enumerated in § 1132(e)(1). Id. The Court held that "the grant of subject matter jurisdiction in § 1132(e)(1) is exclusive. The courts are without the power to expand their jurisdiction under ERISA in order to imply a cause of action for non-enumerated parties." Id.

Similar to the grant of jurisdiction pursuant to § 1132(e)(1) of the Act, §§ 1132(a)(2) and 1132(a)(3) of the Act specifically establish the parties which have standing to bring suit under ERISA. Section 1132(a)(2) of the Act provides that the Secretary of Labor, a participant, a beneficiary, or a fiduciary may bring a civil action under § 1132(a)(2). 29 U.S.C. § 1132(a)(2). Similarly, § 1132(a)(3) of the Act provides that a civil action may be brought by a participant, beneficiary or fiduciary under § 1132(a)(3). 29 U.S.C. § 1132(a)(3). Following the reasoning in Giardono, supra, this Court has held that standing is limited under § 1132(a) to the parties specifically enumerated therein. Contract Cleaning Maintenance, Inc. Defined Benefit Plan v. Marks, No. 94 C 7204, 1995 WL 495922, at 3 (N.D. Ill. 1995).

The Plaintiff in this case is the National Production Workers Union Trust, an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) of ERISA. Thus, Plaintiff is not a "participant," "beneficiary" or "fiduciary" authorized to initiate an ERISA action. Indeed, this Court has specifically held that "employee benefit funds" -- like the Plaintiff trust -- "are not within ERISA's categorical grant of exclusive jurisdiction." Amalgamated Industrial Union Local 44-A Health and Welfare Fund v. Webb, 562 F.Supp. 185, 188 (N.D. Ill. 1983). Therefore, on its face Plaintiff's suit does not fall within the grant of jurisdiction contained in ERISA, and it must be dismissed.

Further, subsequent cases in the Northern District have addressed the issue of whether an employee benefit fund, although not specifically enumerated as a proper plaintiff in ERISA,

3

could nevertheless allege facts that would bring it within the definition of a "fiduciary," thereby creating standing for the plan to bring an action in federal court under ERISA. The first case to address the issue held, categorically, that it could not. Midwest Operating Engineers Welfare Fund v. Uphoff, No. 87 C 7041, 1988 WL 74736 (N.D. Ill. 1988). In Midwest, the court reasoned that "[t]he definition of a fiduciary and the statutes governing fiduciary responsibility clearly contemplate that a benefit plan and a fiduciary are distinct entities." Id. at 2. The court went on to state that "a benefit plan cannot be its own fiduciary" and therefore held that "a benefit plan cannot bring suit under § 1132(a)(3)." Id. However, in Contract Cleaning Maintenance, Inc. Defined Benefit Plan v. Marks, this Court suggested that "a plan that could present evidence showing that it meets the functional qualifications of 29 U.S.C. 1002(21)(a) might be able to assert a right to sue as its own fiduciary." No. 94 C 7204, 1995 WL 495922, at 4 (N.D. Ill. 1995). However, the court went on to hold that since the plaintiff plan did not assert that it was an enumerated party under the statute, nor did it allege facts in the complaint that suggested that the plan was its own fiduciary, the plan was not a proper party in interest to pursue a claim under ERISA. Id.

Regardless, in this case, the Plaintiff has not asserted in its Amended Complaint that it is participant, beneficiary or fiduciary as defined by ERISA. Moreover, Plaintiff has not alleged facts in its Amended Complaint that suggest that it is "functional[ly]" a participant, beneficiary or fiduciary under ERISA. Therefore, the Plaintiff in this case is not a proper party in interest to pursue its claims under ERISA, and this Court is without subject matter jurisdiction to entertain Plaintiff's claims brought pursuant to 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) of ERISA. See id.

B.   **Plaintiff's Supplementary Claims Must Be Dismissed Along With Plaintiff's Claims Under ERISA**

Without subject matter jurisdiction over Plaintiff's claims brought under ERISA, this Court must also dismiss Plaintiff's supplementary claims. The United States Supreme Court has held that while the district courts have discretion to exercise supplemental jurisdiction over pendent state-law claims where the court grants a motion to dismiss for failure to state a federal claim, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp. 546 U.S. 500, 515 (2006). Therefore, Plaintiff's supplementary claims must be dismissed along with its claims under ERISA for lack of subject matter jurisdiction.

WHEREFORE, Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing to bring this action under 29 U.S.C. §§ 1132(a)(2) or 1132(a)(3), and because this Court lacks subject matter jurisdiction over this action under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1367.

Respectfully submitted,

s/s   George B. Collins
Attorney for Defendant Robert Mondo, Jr.

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One North LaSalle St., #300
Chicago, IL 60602
(312) 372-7813