MAN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 CV 6135 |
| v. | ) ) ) ) | Judge John W. Darrah |
| JOHN F. HARTER; THE ASO COMPANY; ROBERT MONDO, SR.; ROBERT MONDO, JR.; and EXECUTIVE FIDELITY, LTD., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, National Production Workers Union Insurance Trust ("Trust"), filed its amended complaint on April 18, 2008, against multiple defendants for claims arising under the Employee Retirement Income and Security Act of 1974 ("ERISA") and state law. Defendants are John F. Harter ("Harter"), The ASO Company ("ASO"), Robert Mondo, Sr. ("Mondo Sr."), Robert Mondo, Jr. ("Mondo Jr."), and Executive Fidelity, Ltd. ("Executive"). Before the Court is Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Trust is a non-profit trust formed and created to provide insurance and related benefits for participants and beneficiaries of the National Production Workers Union, located in Oak Brook, Illinois.

1

Trust alleges that at all times material to this case, Harter was the president of ASO and was also the 100 percent owner of Strategic Management Solutions, Inc., which, in turn, was the 100 percent owner of ASO. Trust alleges that at all times material to this case, Mondo Sr. was a consultant and advisor to Trust regarding benefit plan administration and insurance issues. Mondo Sr. served as a representative of Executive and also controlled Volite Ltd., a limited liability company located in Oak Brook, Illinois. Trust further alleges that at all times material to this case, Mondo Jr. was the sole owner of Executive, a corporation that was in the business of insurance brokerage, actuarial consulting, and health care consulting.

Trust makes the following allegations. That it is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1), which was maintained for the purpose of providing insurance and related benefits to eligible participants and beneficiaries. That the Defendants fraudulently concealed their relationships and failed to objectively advise Trust in the management of the employee benefit plan in order to receive unreasonable compensation. That the Court has subject matter-jurisdiction over the ERISA claims pursuant to 29 U.S.C. § 1132(e)(1). Trust alleges that each Defendant was a fiduciary under ERISA and alleges five counts under ERISA, including three counts of breach of fiduciary duty, one count of prohibited transactions, and a count of investment advice. Trust also alleges five supplemental state claims pursuant to 28 U.S.C. § 1367. These supplemental claims include fraud, breach of contract, negligence, and two counts of malpractice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides the grounds for a motion to dismiss for lack of subject-matter jurisdiction. If the court finds at anytime that it lacks subject-matter jurisdiction, it must dismiss the action. Federal Rule of Civil Procedure 12(h)(3).

The jurisdictional requirements for an ERISA claim are set forth in 29 U.S.C. § 1132(e)(1):

> (e) Jurisdiction
>
> (1) Except for action under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a *participant, beneficiary, fiduciary*, or any person referred to in section 1021(f)(1) of this title.

29 U.S.C. § 1132(e)(1) (emphasis added).

District courts are courts of limited jurisdiction. *Amalgamated Industrial Union Local 44-A Health and Welfare Fund v. Webb*, 562 F. Supp. 185, 187 (N.D. Ill. 1983). The Seventh Circuit found that the language of Section 1132(e)(1) was an exclusive grant of subject-matter jurisdiction for an ERISA claim. *Giardono v. Jones*, 867 F.2d 409, 413 (7th Cir. 1989) (*Giardono*). Courts are without jurisdiction to expand their jurisdiction under ERISA to imply a cause of action for non-enumerated parties. *Id.*

## ANALYSIS

In their motion to dismiss, Defendants argue that the Plaintiff is not a proper party to bring a claim under Section 1132(e)(1) of ERISA; and, thus, the Court lacks subject-matter jurisdiction over the lawsuit. Specifically, Defendants argue that Trust is

3

not a participant, beneficiary, or fiduciary authorized to initiate an ERISA action under 29 U.S.C. § 1132(e)(1).

Defendants rely on *Giardono*, and cases in this circuit following *Giardono*, which specifically addressed the issue of whether an ERISA benefit plan has standing to sue under ERISA; and all found that such benefit plans do not have standing. *See Giardono*, 867 F.2d 409; *Financial Institutions Employee Benefit Trust v. Financial Ins. Serv. Consultants, Inc.*, Case No. 92 C 0620, 1992 WL 245527 (N.D. Ill. Sept. 2, 1992); *Contract Cleaning Maintenance, Inc. Defined Benefit Plan v. Marks*, Case No. 94 C 7204, 1995 WL 495922 (N. D. Ill. Aug. 16, 1995); *Chicago District Council of Carpenters Pension Fund v. Reinke Insulation Co.*, Case No. 94 C 2296, 1995 WL 383007 (N.D. Ill. June 23, 1995).

Plaintiff argues that the Seventh Circuit's decision in *Southern Illinois Carpenters Welfare Fund v. Carpenters Welfare Fund of Illinois*, 326 F.3d 919 (7th Cir. 2003) (*Southern*) "cast[s] doubt on the continuing validity of its earlier decision in *Giardono*." However, in *Southern*, the Seventh Circuit recognized that a *union* had standing to sue on behalf of its participants, as the union was not seeking anything for itself, because the real plaintiffs were the participants. *Southern*, 326 F.3d at 922. The court held that while ERISA does not specifically authorize associations to sue, associations have standing to sue on behalf of their members under Article III (of the U.S. Constitution.) *Id.* The Seventh Circuit held that a union could bring a suit under ERISA on behalf of its members, provided the members were plan participants. *Id.* This is not the case here.

4

Therefore, subject-matter jurisdiction is absent in that Plaintiff has failed to plead it has standing to bring the ERISA causes of action.

Plaintiff also claims it is a fiduciary. However, Plaintiff has offered no authority for this claim, nor does the amended complaint contain allegations that would support this contention. Plaintiff merely alleges that it is an employee welfare benefit plan established and maintained to provide insurance and related benefits to participants and beneficiaries. (Plaintiff's Amended Complaint, ¶ 9.) Nowhere did Plaintiff allege that it is its own fiduciary.

The allegations in Plaintiff's amended complaint are insufficient to show that it has standing to sue under ERISA. Therefore, Defendants' Motion to Dismiss is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is hereby granted. However, Plaintiff is granted leave to file a second amended complaint consistent with Rule 11 of the Federal Rules of Civil Procedure within 21 days from the entry of this Order.

Date: November 10, 2008

JOHN W. DARRAH
United States District Court Judge