UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST; and LOUIS PISSIOS, in his capacity as Trustee and Chairman of the Board of Trustees and Fiduciary of NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST,<br><br>      Plaintiffs,<br>v.<br><br>JOHN F. HARTER; THE ASO COMPANY; ROBERT MONDO, SR.; ROBERT MONDO, JR.; and EXECUTIVE FIDELITY, LTD.,<br><br>      Defendants/Counter-Plaintiffs/<br>      Third-Party Plaintiffs,<br>v.<br><br>LOUIS PISSIOS,<br><br>      Counter-Defendant,<br><br>and<br><br>JOSEPH SENESE, ANTHONY MONACO, JOHN OLIVERIO, MARY MURPHY, MICHAEL KAMBEROS; EUGENE RUFFOLO; and SUSAN SCHREINER,<br><br>      Third-Party Defendants. | Case No. 07 CV 6135<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On December 31, 2008, Plaintiffs, National Production Workers Union Insurance Trust ("Trust") and Louis Pissios ("Pissios"), filed an amended complaint against Defendants John F. Harter, the ASO Company, Robert Mondo, Sr., Robert Mondo, Jr., and Executive Fidelity Ltd. (collectively, "Defendants"), alleging violations of 29 U.S.C.

1

§§ 1132(a)(2) and 1132(a)(3) of the Employment Retirement Income and Security Act of 1974 ("ERISA") and supplemental state-law claims.[1] Plaintiffs allege that the Trust is a non-profit trust created for the benefit of members of the National Production Workers Union and that the Trust operates an employee welfare benefit plan (the "Plan"), within the meaning of ERISA. Plaintiffs allege Defendants violated duties owed to Plaintiffs under ERISA, including breach of fiduciary duties relating to proper management and administration of the Plan.

Defendants all filed answers to the Second Amended Complaint, denying that they are, or ever were, fiduciaries of the Plan and denying liability under ERISA. Defendants, however, also all filed counterclaims against Pissios and third-party claims against Joseph Senese, Anthony Monaco, John Olivero, Mary Murphy, Michael Kamberos, Eugene Ruffolo, and Susan Schreiner (collectively, the "Third-Party Defendants"), seeking indemnification and contribution from Pissios and the Third-Party Defendants under ERISA and the federal common law in the event that judgment is entered against them in this case.

Pissios and the Third-Party Defendants move to dismiss Defendants' counterclaims and third-party claims for indemnity and contribution. (Docket No. 105).

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under the

---

[1]This amended complaint is actually Plaintiffs' second amended complaint, as a previous amended complaint was filed on April 1, 2008. Therefore, this amended complaint is referred to hereinafter as the Second Amended Complaint.

federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted) (*Tamayo*). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

However, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1959 (2007) (*Bell Atlantic*). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974. The amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). A dismissal is proper only if there is no set of facts consistent with the allegations in the complaint upon which relief could be granted. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001).

## ANALYSIS

In their counterclaim and cross-claims, Defendants allege that Pissios and the Third-Party Defendants were all fiduciaries of the Plan under ERISA. Defendants allege: Monaco was the "administrator" of the Plan; Oliverio, Murphy, Kamberos and Ruffolo were Trustees of the Plan; Senese was President of the National Production Workers

Union; and Schreiner was Insurance Coordinator for the Plan. Pissios was Trustee and Chairman of the Board of Trustees and fiduciary of the National Production Workers Union. In their counterclaim and third-party complaints, Defendants allege that even if they were fiduciaries under the Plan, as alleged in the Second Amended Complaint, and the breaches of fiduciary duty alleged therein occurred (which Defendants deny), Pissios and the Third-Party Defendants were primarily responsible for such breaches, not Defendants. The counterclaims and third-party complaints set out Defendants' asserted factual bases for this theory. *See, e.g.*, Answer and Counterclaim of Robert Mondo, Jr. and Executive Fidelity at §§ 32-40 (Doc. No. 83), Third-Party Complaint of Robert Mondo, Jr. and Executive Fidelity (Doc. No. 85).

Pissios and the Third-Party Defendants do not deny they are fiduciaries within the meaning of ERISA. Instead, Pissios and the Third-Party Defendants dispute Defendants' allegations that Pissios's and the Third-Party Defendants' conduct is sufficient to support a breach of fiduciary duty claim.

However, all factual allegations and all reasonable inferences are construed most favorably to Defendants. The moving parties cite *Alton Memorial Hospital v. Metropolitan Life Ins. Co.*, 656 F.2d 245 (7th Cir. 1981) (*Alton Memorial*), in support of their motion. There, the Seventh Circuit expressly stated:

> To be sure, where an ERISA plan suffers losses and where the plan participants and beneficiaries have established a cause of action on their own behalf or on behalf of the plan assets against one fiduciary, that fiduciary may seek indemnification or contribution from co-fiduciaries in accordance with 29 U.S.C. § 1105(a).

*Id.* at 250.

The *Alton Memorial* court upheld the dismissal of a counterclaim for breach of fiduciary duty under ERISA because the plaintiff's underlying claim in the case was not a claim under ERISA. *Alton Memorial*, 656 F.2d at 249-50. Here, however, Plaintiffs' underlying claim against Defendants is clearly an ERISA claim for damages to the Plan. Thus, *Alton Memorial* does not demonstrate that Defendants' asserted counterclaim and third-party claims are insufficient under ERISA.

Plaintiffs' underlying action here clearly alleges an ERISA claim against Defendants for damages to the Plan. The issue as to whether or not Pissios and the Third-Party Defendants breached fiduciary duties with respect to the Plan and, therefore, are liable to Defendants for indemnity or contribution is not now before the Court.

## CONCLUSION

Accordingly, for the reasons stated above, the Motion of Pissios and the Third-Party Defendants to dismiss Defendants' counterclaims and third-party claims for indemnity and contribution (Docket No. 105) is denied.

Date: June 24, 2009

JOHN W. DARRAH
United States District Court Judge